Lilia B. VELASCO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nellie J. C. MORALES, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 16178, 16182.

United States Court of Appeals Seventh Circuit.

Nov. 27, 1967.

As Amended on Denial of Rehearing Dec. 18, 1967.

Gene J. Shapiro, Richard W. Lowery, Chicago, Ill., for petitioner.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge and SCHNACKENBERG, Circuit Judge.

DUFFY, Senior Circuit Judge.

These two cases involve similar points of law and although briefed separately, were argued together before this Court. One opinion will suffice for both cases.

### No. 16178

Petitioner Velasco, a citizen of the Philippines and by occupation, a nurse, was admitted into the United States under the provisions of the Mutual Educational and Cultural Exchange Act of 1956 (70 Stat. 241) as amended (75 Stat. 535), 22 U.S.C. § 2451 et seq. She entered the United States on May 14, 1961, as an exchange visitor.

On December 11, 1963, petitioner left the United States and was admitted to Canada on the same day as a landed immigrant (permanent resident). Petitioner re-entered the United States several times as a temporary visitor. Her last entry was on December 11, 1965.

On May 4, 1966, respondent requested from the Department of State a review of the effect of petitioner's residence in Canada. On May 12, 1966, the Department of State advised the respondent that a review of petitioner's case resulted in a determination that her residence in Canada did not serve the purpose and intent of the Mutual Educational and Cultural Exchange Act of 1961.

On June 8, 1966, respondent advised petitioner of the determination of the Department of State, and directed that it would be necessary for her to depart from the United States. She also was informed that if her employer was so inclined, it could apply for a waiver under 8 U.S.C. § 1182(e). Such application was made by Kaiser Foundation Hospitals, Los Angeles, California, on June 16, 1966.

On January 13, 1967, another application for waiver of foreign residence requirement was filed upon behalf of petitioner by Roosevelt Hospital, Chicago, Illinois. The petitioner was granted an extension of departure time while her application for waiver was pending.

On March 21, 1967, the Exchange Review Board of the Department of Health, Education and Welfare, concluded that it should not request a waiver of the foreign residence requirement. The respondent extended petitioner's time for voluntary departure to April 11, 1967.

On April 4, 1967, the District Director at Chicago refused a further stay of voluntary departure for an indefinite period of time. This petition for review followed, and further proceedings were automatically stayed.

### No. 16182

Petitioner Morales was also a citizen of the Philippines. On May 23, 1961, she was admitted into the United States at Hawaii as an exchange visitor under the provisions of the Mutual Educational and Cultural Exchange Act, for further training (as a nurse).

Petitioner returned to the Philippines on April 7, 1964. After a stay of six weeks, she went to Canada on June 9, 1964, as a landed immigrant (permanent resident). She re-entered the United States from Canada on December 6, 1965 as a non-immigrant visitor. On January 17, 1966, a third preference visa was granted to petitioner, valid until January 16, 1967.

On July 19, 1966, respondent requested the Department of State to determine whether or not petitioner's Canadian residence satisfied the requirements of the Mutual Educational and Cultural Ex-

change Act of 1961. The Department of State reported that such residence did not comply with the intent or the purposes of the Act. The respondent advised petitioner on August 17, 1966 of the determination of the Department of State and further advised her that her departure date from the United States was fixed at September 17, 1966. The petitioner failed to depart and on November 21, 1966, an order to show cause was issued.

After a hearing in which petitioner admitted the charges in the order to show cause, the petitioner was granted voluntary departure. No appeal was taken to the Board of Immigration Appeals and the order of deportation became final on December 9, 1966.

On December 12, 1966, petitioner filed a release by the Philippine government. On January 13, 1967, the petitioner's employer, Roosevelt Hospital, Chicago, Illinois, filed an application for waiver of foreign residence. The voluntary departure of petitioner was stayed during the pendency of the application for waiver. On March 21, 1967, the Exchange Visitor Waiver Review Board of the Department of Health, Education and Welfare denied petitioner's application for a waiver, and so advised the respondent.

On March 29, 1967, petitioner was advised that she was required to voluntarily depart on or before April 13, 1967. Respondent refused to further extend the period for petitioner's voluntary departure. This petition for review was thereupon filed and further proceedings were automatically stayed.

 We hold that this Court has jurisdiction to review decisions of the Exchange Visitor Review Board of the United States Department of Health, Education and Welfare. This decision is based on the Administrative Procedure Act, 5 U.S.C. § 1009(c). This section provides that "Every agency action made reviewable by statute and *every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review.* * * *" (Emphasis added) The standard of re-

view to be applied is whether the administrative agency committed an abuse of discretion. 5 U.S.C. § 1009(e). In Consolo v. Federal Maritime Commission et al., 383 U.S. 607, 619, 86 S.Ct. 1018, 1026, 16 L.Ed.2d 131 (1966), the Supreme Court says: " * * * [T]he Administrative Procedure Act * * * gives a reviewing court authority to 'set aside agency action, findings, and conclusions found to be (1) arbitrary, capricious, (or) an abuse of discretion * * * (or) (5) unsupported by substantial evidence * * *.' "

16178–16182

Title 8 U.S.C. § 1182(e) is generally known as Section 212(e) of the Immigration and Nationality Act. This section reads, in part:

"(e) No person admitted under section 1101(a) (15) (J) of this title or acquiring such status after admission shall be eligible to apply for an immigrant visa, or for permanent residence, or for a nonimmigrant visa under section 1101(a) (15) (H) of this title until it is established that such person has resided and been physically present in the country of his nationality or his last residence, or in another foreign country for an aggregate of at least two years following departure from the United States: *Provided,* That such residence in another foreign country shall be considered to have satisfied the requirements of this subsection if the Secretary of State determines that it has served the purpose and the intent of the Mutual Educational and Cultural Exchange Act of 1961; * * *."

Petitioner Velasco contends that her good faith departure from the United States to Canada was a complete satisfaction of the statute hereinbefore quoted, and taken together with her release from the Exchange Program by her native country, should have been so declared by the State Department thereby making her eligible to apply for adjustment to a permanent resident.

Petitioner Velasco insists that the refusal of the State Department to so rule

was an unwarranted abuse of discretion; that since no appeal or judicial review is provided, this Court should review such refusal. Petitioner argues we should determine whether the State Department's action was in accord with constitutional due process of law.

Petitioner Velasco asks that the actions, orders and directives of the Immigration Service, the respondent herein, should be reversed and that petitioner should be allowed to apply for adjustment of her status to that of permanent resident.

In No. 16182, petitioner Morales makes substantially the same arguments as petitioner Velasco. Our discussion of the legal points involved will apply to each of the cases here under consideration.

By the amendments of 1961 (P.L. 87–256, 75 Stat. 535), Congress made it clear that the Exchange Program was not an immigration program and should not be used to circumvent the operation of the immigration laws.[1]

Under the statute hereinbefore noted, it was incumbent upon each of the petitioners to show that she had resided and been physically present in the country of her nationality or her last residence or in another foreign country for two years. However, the proviso as to "another foreign country" is limited by the statutory provision that the Secretary of State must determine that such residence has served the purpose and the intent of the Cultural Exchange Act.

It is apparent it was one of the purposes of the Act, to admit certain citizens of foreign countries to the United States by special permission and for a limited period, to be trained in various skills and professions; that at the conclusion of the training period, they should return to their native countries to practice their professions and skills, or to do so, in undeveloped countries. It would seem obvious Canada would not come under such a classification.

It seems clear that the determination which was made by the Department of State that the two-year residence in Canada of each of the petitioners, did not comply with the purpose and intent of the Mutual Educational and Cultural Exchange Act, was a matter of administrative discretion. Such a discretion should not be set aside except upon a showing of a clear abuse of such discretion.

The Exchange Visitor Waiver Review Board (Review Board) is a part of the Department of Health, Education and Welfare (H.E.W.). Regulations covering the Exchange Visitor program are set out in 22 C.F.R. 63.1 to 63.8, inclusive.

45 C.F.R. 50.3 Policy, provides, in part: " * * * The general criteria to be applied are (a) the individual must be in a high priority program of activity of national or international significance involving the broad interests of the general public. Accordingly waivers will not be requested when the documentation clearly demonstrates that the problem is solely one of recruitment in order to overcome a local community or institute manpower shortage."

In Kladis v. Immigration and Naturalization Service (7 Cir., 1965), 343 F.2d 513, we said, page 515: "We need not cite authority to say that a stay of deportation, an extension of a stay or any other relief from deportation are actions committed to administrative discretion. They are matters of grace and not of right and will not be set aside by the courts absent a clear showing of abuse of discretion."

We hold that the determination of the Department of State, that petitioners' two-year residence in Canada did not comply with the purpose and intent of the Mutual Educational and Cultural Exchange Act of 1961, was not an abuse of administrative discretion.

Petitioners' argument that the standard laid down by H.E.W. is an im-

<hr/>

1. S.Rep. 1608, 84th Cong. 2d Sess.

possible standard cannot be sustained. Nor do we consider appropriate the suggestions of petitioners that we should lay down "reasonable standards" to be followed by H.E.W. and the Department of State.

The petitions for review by Velasco in No. 16178 and by Morales in No. 16182, are hereby dismissed.