**Isauro H. GLORIOSO, Petitioner,**
**v.**
**IMMIGRATION AND NATURALIZA-**
**TION SERVICE, Respondent.**

**Rosita C. COLINCO, Petitioner,**
**v.**
**IMMIGRATION AND NATURALIZA-**
**TION SERVICE, Respondent.**
**Nos. 16179, 16183.**

United States Court of Appeals
Seventh Circuit.
Nov. 27, 1967.
Rehearing Denied Dec. 18, 1967.

Gene J. Shapiro, Richard W. Lowery, Chicago, Ill., for petitioners.

Edward V. Hanrahan, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for respondent.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge and SCHNACKENBERG, Circuit Judge.

DUFFY, Senior Circuit Judge.

These two cases involve similar points of law and although separate briefs were filed, the cases were argued together before this Court. One opinion will suffice for both cases.

### No. 16179

Petitioner, Glorioso, is a citizen of the Philippines and is a male nurse. On November 30, 1964, he was admitted to the United States as an exchange visitor for a one-year period under the Mutual Educational and Cultural Exchange Act. His stay was extended to November 23, 1966. A further stay was denied because as a graduate student, he had completed two years of training.

Petitioner was granted voluntary departure to the Philippines. His time of departure was fixed at February 15, 1967. On February 3, 1967, petitioner's employer, St. Mary of Nazareth Hospital, Chicago, Illinois, filed an application for waiver of the two-year foreign residence requirement in Section 212(e) of the Immigration and Nationality Act.

Petitioner was granted a postponement of his departure time pending decision on his waiver application. On March 21, 1967, the Exchange Visitor Waiver Review Board refused to request a waiver from the State Department on behalf of petitioner or his employer.

On April 5, 1967, respondent denied a further stay of departure and fixed April 11, 1967 as the departure date. On April 10, 1967, this petition for review was filed, thereby staying further proceedings.

### No. 16183

Petitioner Colinco is a citizen of the Philippines and by occupation, a nurse. She entered the United States on December 11, 1964, as an exchange visitor under the Mutual Educational and Cultural Exchange Act. She was authorized to remain in the United States until November 1, 1966. Petitioner knew her stay in the United States for training as a graduate nurse under the Exchange Visitor Program was limited to two years. She also was aware of the two-year foreign residence requirement under Title 8 U.S.C. § 1182(e).

On October 13, 1966, Loyola University requested that petitioner be granted a stay to November 1, 1967, not for the purpose of graduate nurse training, but in order that petitioner could complete her work as a graduate student in education and receive a Master's Degree.

On November 3, 1966, respondent issued a rule to show cause, a hearing was held, petitioner admitted deportability, waived her right to appeal and was granted voluntary departure.

On November 15, 1966, Loyola University made another request for a stay to enable petitioner to complete her degree of Master of Education. The date of voluntary departure was fixed at February 6, 1967.

The Philippine Consul General also requested a stay of voluntary departure to June 1967 to enable petitioner to obtain the degree of Master of Education. We were informed on oral argument that petitioner Colinco has now received her Master's Degree.

On February 2, 1967, Roosevelt Memorial Hospital, Chicago, Illinois, filed an application for a waiver under Section 212(e) of the Immigration and Nationality Act. It stated petitioner's services were needed in a contemplated expansion program by the hospital. On February 15, 1967 petitioner's counsel requested a stay for petitioner pending disposition of her waiver application. Among other things this request stated "the only solution to the problem of obtaining her Master's Degree in Education was by the filing of a waiver application and asking for a stay of voluntary departure."

Respondent granted a stay pending determination of the application for waiver by the Exchange Visitor Waiver Review Board. On March 21, 1967, this Board denied the waiver. Petitioner filed a motion for rehearing and on the same day, requested a stay of voluntary departure. This was denied and her voluntary departure date was fixed at not later than April 17, 1967. On April 13, 1967, this petition for review was filed thereby staying all further proceedings.

Most of the arguments made upon behalf of petitioners Glorioso and Colinco have been discussed in our opinion filed this date in Velasco v. Immigration and Naturalization Service, and Morales v. Immigration and Naturalization Service, 7 Cir., 386 F.2d 283. Such rulings as are pertinent there may be considered as a part of this opinion and will not be repeated in detail.

### No. 16179—Glorioso

Petitioner Glorioso had concluded two years of training as a graduate nurse. One of the conditions of his admission as extended was that his period of train-

ing, as of all graduate nurses, was limited to two years. Petitioner Glorioso also was aware of the two-year foreign residence requirement under 8 U.S.C. § 1182 (e).

■ Petitioner urges as error, the failure of the respondent to stay his voluntary departure pending the determination of his motion for rehearing. If there ever was any merit in this argument, the point is now moot. Such a stay was granted on May 18, 1967.

In this case, the Department of State did not act because the interested agency, the Department of Health, Education and Welfare (H.E.W.) did not make a request for waiver of the foreign residence requirement.

■ Petitioner urges that the standards for waiver of the foreign residence requirement set by H.E.W. are impossible, and that no man can meet such requirements. 45 C.F.R. 50.3. Respondent answers by saying petitioner is not a Lister, a Fleming, a Curie, a Pasteur or a Salk. We may take judicial notice that some persons have been admitted to this country under the waiver provisions. It may be conceded that the standards set are very high, but Congress emphasized that the Exchange Program should not be used to circumvent the operation of the immigration laws.

### No. 16183—Colinco

Petitioner Colinco was aware that her stay in the United States for training as a graduate nurse under the Exchange Visitor Program was limited to two years. She also was aware of the two-year foreign residence requirement under 8 U.S.C. § 1182(e). Her many applications for extensions were motivated by her desire to receive a degree of Master of Education. In this she has been successful.

Petitioner Colinco was admitted to the United States for a limited time and for a specific purpose. Her time limit has expired. Her main purpose has been achieved.

■■ We hold that the District Director of the Immigration and Naturalization Service did not abuse her discretion in refusing a further extension of time for voluntary departure to petitioners Glorioso and Colinco. We also hold that the Exchange Visitor Waiver Review Board did not abuse its discretion in refusing to request the Department of State for a waiver of the foreign residence requirement.

The petitions of Isauro H. Glorioso and Rosita C. Colinco are dismissed.