William CHI–WAI LUI and Mariana Wing–Fan Lui, Plaintiffs,

v.

Alva L. PILLIOD, District Director, Immigration and Naturalization Service, United States Department of Justice, Defendant.

No. 72 C 2675.

United States District Court,
N. D. Illinois, E. D.
Feb. 20, 1973.

Samuel D. Myers, Freedman, Freedman & Myers, Ltd., Chicago, Ill., for plaintiffs.

James H. Alesia Assistant U. S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

McGARR, District Judge.

William Chi-Wai Lui and Mariana Wing-Fan Lui appeal from the Immigration and Naturalization Service denial of their applications for permanent residence as refugees. Jurisdiction is based on 28 U.S.C. Section 2201 and 5 U.S.C., Section 701 et seq.

William Chi-Wai Lui was born in Canton, China on March 5, 1947. At age four, he entered Hong Kong with his parents and continuously resided there until 1965. During this period, Mr. Lui's father was employed as an accountant until his death. In 1965, Mr. Lui was admitted to the United States as a non-immigrant student by presenting a valid Hong Kong Certificate of Identity containing an appropriate visa issued by the American Consulate in Hong Kong. In June of 1970, the plaintiff returned to Hong Kong, re-entering the United States two months later, again pursuant to a valid non-immigrant student visa. Mr. Lui continues to hold a valid Hong Kong Certificate of Identity and has made a signed statement under oath before an officer of the Service in which he has stated that to the best of his knowledge, he is free to return at any time to Hong Kong to live. His mother presently resides in Hong Kong, supported by income from two apartments which she owns there.

On February 18, 1972, Mr. Lui applied for permanent residence as a refugee under Section 203(a)(7), claiming he had been physically present in the United States for at least two years and, further, that he was fleeing the Communists in China when he went to Hong Kong in 1951. The defendant, as District Director of the Immigration and Naturalization Service, denied Mr. Lui's application, although he did not expressly set out the reasons for his decision.

Mariana Wing-Fan Lui was born on February 22, 1945. There is conflicting evidence as to Mrs. Lui's place of birth. She has claimed in her application under consideration to be born in Canton, China, but the record shows Mrs. Lui to be a citizen of Portugal and that she holds a valid Portuguese passport indicating birth in Macao, China. This Court, however, finds that resolution of this conflict is unnecessary, since the determination of the issues in this cause rests upon other grounds.

Mrs. Lui left China at age five and entered Hong Kong with her parents. She resided there for six years. Mrs. Lui's family then moved to Japan, where she resided with her parents until August, 1963, when she entered the United States as a non-immigrant student. Plaintiff's parents returned to Hong Kong in 1971, where they presently reside and where her father is engaged in the "security" business.

On February 18, 1972, Mrs. Lui also applied to the Immigration and Naturalization Service for permanent residence as a refugee pursuant to Section 203(a)(7). The plaintiff has signed a statement under oath before an officer of the Service in which she stated she was free to return to Macao to live. The defendant District Director entered an order denying Mrs. Lui's application on the basis that there was no indication that Macao is a Communist or Communist-dominated area and that she was, therefore, not eligible for classification under Section 203(a)(7).

On September 29, 1972, the Regional Commissioner contemporaneously considered Mr. and Mrs. Lui's applications. On this review, the plaintiffs argued

that they are still in flight from Communism and that this status is not altered by their stays in Hong Kong. The Regional Commissioner, however, applied the "resettlement" test as enunciated in Rosenberg v. Yee Chien Woo, 402 U.S. 49, 91 S.Ct. 1312, 28 L.Ed.2d 592 (1971), and found the plaintiffs were "firmly resettled in Hong Kong". Therefore, he held the plaintiffs were not entitled to classification as refugees, as their physical presence in the United States is not a consequence of their flight in search of refuge. The Regional Commissioner then approved the District Director's decisions in regard to both Mr. and Mrs. Lui. This action was subsequently filed. The defendant has moved for summary judgment.

The issue is whether the Immigration and Naturalization Service erred in denying the plaintiffs' petitions for permanent residence as refugees. Section 203(a)(7) of the Immigration and Naturalization Act, which is the basis for refugee status, provides so far as pertinent:

> Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe . . . to aliens who satisfy an Immigration and Naturalization officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated area or country . . . and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made. . . .

The Supreme Court in Rosenberg v. Yee Chien Woo, supra, has held that the question of whether or not an applicant has "resettled" in another country prior to his application is a factor which the Immigration and Naturalization Service must take into account in determining whether the applicant seeks asylum in this country as a consequence of flight to avoid persecution.

> [T]he physical presence must be one which is reasonably proximate to the flight and not following a flight remote in point of time or interrupted by intervening residence in a third country reasonably constituting a termination of the original flight in search of refuge.

402 U.S. at 57, 91 S.Ct. at 1317.

It is, therefore, left to the discretion of the Immigration Service to determine what amount of time of intervening residence in a third country is sufficient to terminate the applicant's flight.

 This Court's scope of review of Immigration and Naturalization Service orders is exceedingly limited. It is not our duty to re-evaluate the evidence and reverse the Service if we disagree with its conclusion. As has been stated in a number of recent cases, we are only to see if there has been an abuse of discretion, and if there has not been such, we are bound to affirm even though we might disagree with the result. Asuncion v. Immigration and Naturalization Service, 427 F.2d 523 (9th Cir. 1970), Velasco v. Immigration and Naturalization Service, 386 F.2d 283 (7th Cir. 1967), and Wong Wing Hang v. Immigration and Naturalization Service, 360 F.2d 715 (2d Cir. 1966). Based on the record in this case, no such abuse of discretion took place. There is sufficient evidence that plaintiffs failed to meet the requirements established by Congress and implemented by the Service in order to qualify as refugees. It was reasonable of the Service to conclude from the length of Mr. and Mrs. Lui's residences in Hong Kong, fourteen and six years respectively, and from the other attendant circumstances as set out in the facts, that both plaintiffs had "firmly resettled" in Hong Kong and, therefore, that they are not entitled to classification as refugees as their physical presence in the United States is not a

consequence of their flight for refuge from Communism. Under these circumstances, we cannot say that there was an abuse of discretion in denying plaintiffs permanent residence in this country.

Therefore, we affirm the decision of the Regional Commissioner for the Immigration and Naturalization Service and order summary judgment to be granted for the defendant.