Sinton **RUMAHORBO**, Plaintiff,

v.

The **SECRETARY OF LABOR**,
Defendant.

Civ. A. No. 74–1364.

United States District Court,
District of Columbia.

Jan. 8, 1975.

Jack Wasserman, Washington, D.C., for plaintiff.

Richard I. Chaifetz, Atty., Dept. of Justice, Government Regulations Section, Washington, D.C., for defendant.

## MEMORANDUM OPINION

WADDY, District Judge.

Plaintiff Sinton Rumahorbo, a native and citizen of Indonesia, brings this action against the Secretary of Labor. He alleges that defendant's denial of his application for a labor certification as a prerequisite to the issuance of an alien visa was an abuse of discretion and contrary to Section 212(a)(14) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(14). This matter is now before the Court on cross-motions for summary judgment.[1] The material facts are not in serious dispute, making the case ripe for disposition on these pending motions.

### FACTS

Plaintiff Rumahorbo, currently residing in Medan, Sumatera Utara, Indonesia, has a degree from the National Teachers College in Medan which qualifies him as a secondary school teacher. On November 4, 1973, plaintiff filed an application for a labor certification, pur-

---

1. The Court had previously entered an order dismissing this case (November 22, 1974) after plaintiff failed to respond in the allotted time to defendant's motion to dismiss (framed alternatively as a motion for summary judgment), and it having appeared to the Court that plaintiff failed to state a claim upon which relief could be granted. On the same day that this order was entered, plaintiff filed his response to defendant's motion. Subsequently, upon learning of the Court's order of dismissal, plaintiff filed a motion to set aside the judgment, which was opposed by defendant. In light of plaintiff's delayed response, the Court hereby vacates its previous order of dismissal and disposes of the case on the issue discussed in the instant Memorandum Opinion.

suant to 8 U.S.C. § 1182(a)(14),[2] with the Regional Manpower Administrator (RMA) of the Department of Labor in Atlanta, Georgia. Plaintiff stated in his application that he intended to reside in Cordele, Crisp County, Georgia, and expressed the desire to teach in this rural area of the State. However, no offer of employment had been extended to him at the time of his application. The record is devoid of any indication that plaintiff has since secured a definite offer of employment.

In meeting plaintiff's claim that vacant teaching positions existed in rural areas of Georgia, including Crisp County, the RMA consulted a number of sources of employment statistics, including the National Education Association and the Labor Supply Bulletins of the States of Georgia, Florida, North Carolina and Texas. Based upon the information derived from these sources, the RMA denied plaintiff's application, concluding that there were workers in the United States who were available to fill any vacant positions for which plaintiff was qualified.

On May 10, 1974, plaintiff filed an appeal of this decision with the Reviewing Officer of the RMA. Plaintiff supported his appeal with additional materials indicating that the rural areas of Georgia had been experiencing difficulties in filling teaching vacancies. On July 24, 1974, the Reviewing Officer affirmed the previous ruling of the agency, stating that: "At this time there is a surplus of American workers who are fully qualified to be teachers and who are unemployed."

### LAW

The initial issue to be confronted by the Court, and the one upon which this case must be disposed, is standing.

Plaintiff correctly observes that the courts have liberalized the standard governing reviewability of administrative determinations under the Immigration and Nationality Act, including the denial of labor certifications. See Ratnayake v. Mack, 499 F.2d 1207 (8th Cir., 1974); Pesikoff v. Secretary of Labor, 501 F.2d 757 (D.C.Cir., 1974); Digilab, Inc. v. Secretary of Labor, 495 F.2d 323 (1st Cir., 1974); Reddy v. U. S. Department of Labor, 492 F.2d 538 (5th Cir., 1974); Secretary of Labor v. Farino, 490 F.2d 885 (7th Cir., 1974). The fact that an agency decision is reviewable, however, does not obviate the necessity of determining that there is sufficient adverseness between the parties to insure the existence of an actual case or controversy.

In each of the previously cited cases, the plaintiff-alien was either already residing in this country on a temporary basis or was joined in the action by an employer who had hired or was willing to hire the plaintiff in a specific position. In these circumstances, plaintiffs' injuries were neither abstract nor speculative; their personal stakes in the outcome of the litigation were real and immediate. Cf. O'Shea v. Littleton, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1973). A contrary observation must be made about the instant litigation. Plaintiff Rumahorbo is not now a resident of the United States, nor does he have a definite offer of employment in the geographic area to which he allegedly seeks to relocate. While there may well be teaching vacancies in Cordele, Crisp County, Georgia, plaintiff has no offer to occupy one of those positions and gives no indication that he will receive such an offer. It is conceivable that plaintiff, if allowed to enter this country on a work visa, would be unable

2. 8 U.S.C. § 1182(a)(14):
(a) Except as otherwise provided in this chapter, the following classes of aliens shall be ineligible to receive visas and shall be excluded from admission into the United States:

\* \* \* \* \*

(14) Aliens seeking to enter the United States, for the purpose of performing skilled or unskilled labor, unless the Secretary of Labor has determined and certified to the Secretary of State and to the Attorney General that (A) there are not sufficient workers in the United States who are able, willing, qualified, and available at the time of application for a visa and admission to the United States and at the place to which the alien is destined to

to secure employment in Georgia and would have to move to another geographic area presenting entirely different facts pertaining to the availability of American workers in that locale. The investigation made by the RMA into the employment situation in rural Georgia and the surrounding regions may turn out to have been an academic exercise should plaintiff later ascertain that he cannot secure employment as originally alleged. In this context, plaintiff's claim becomes hypothetical, distinguishing it from other suits brought pursuant to Section 212(a)(14). Plaintiff does not present a direct injury which he is in immediate danger of sustaining. See O'Shea v. Littleton, *supra*. The speculative nature of his claim deprives him of the adverseness required for standing, and for this reason, the complaint must be dismissed.

perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed.