**CHINESE AMERICAN CIVIC COUNCIL**
et al., Plaintiffs,

v.

**ATTORNEY GENERAL, Defendant.**

Civ. A. No. 75–86.

United States District Court,
District of Columbia,
Civil Division.

July 7, 1975.

Jack Wasserman, Washington, D. C., for plaintiffs.

Richard I. Chaifetz, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiffs in this action include an organizational sponsor and six Chinese aliens who have been denied conditional entry as refugees under 8 U.S.C. §

1153(a)(7) (1970).[1] The individual plaintiffs all fled from mainland China to Hong Kong between 1949 and 1956 and, with one exception, have remained in Hong Kong since their arrival. They challenge as arbitrary and capricious the changes in Immigration and Naturalization Service (INS) practice which allegedly resulted in denial of their applications for entry into the United States. The case is before the Court on defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and plaintiffs' Cross Motion for Summary Judgment.

A threshold hurdle which plaintiffs must surmount is that of standing. Standing requirements have recently been liberalized for actions under the Immigration and Nationality Act. *See, e.g.,* Pesikoff v. Secretary of Labor, 163 U.S.App.D.C. 197, 501 F.2d 757, 760–61, *cert. denied,* 419 U.S. 1038, 95 S.Ct. 525, 42 L.Ed.2d 315 (1974); Secretary of Labor v. Farino, 490 F.2d 885, 888–90 (7th Cir. 1973). The *Pesikoff* and *Farino* cases each accorded standing to prospective employers challenging denials of labor certification for alien-employees under 8 U.S.C. § 1182(a)(14). Aliens have also been allowed to bring suit while within the United States for review of INS denials of classification under a particular immigration preference. *See, e.g.,* Rosenberg v. Woo, 402 U.S. 49, 91 S.Ct. 1312, 28 L.Ed.2d 592 (1971); Song Jook Suh v. Rosenberg, 437 F.2d 1098 (9th Cir. 1971).

Five of the individual plaintiffs in this case invoke the Court's jurisdiction from Hong Kong without ever having been in the United States. Standing apparently has never been granted to a person outside the United States challenging the denial of entry or immigration eligibility. Gordon & Rosenfield, Immigration Law and Procedure § 8.3 (1975). In *Pesikoff, supra,* the issue was reserved since the prospective employer was held to have standing. 501 F.2d at 759. Likewise, in Kleindienst v. Mandel, 408 U.S. 753, 92 S.Ct. 2576, 33 L.Ed.2d 683 (1972), the Supreme Court did not pass on the standing of a Belgian scholar seeking a temporary visa since the other plaintiffs, American university professors, had standing to enforce First Amendment rights. 408 U. S. at 762, 92 S.Ct. 2576. More recently, a District Court in Rumahorbo v. Secretary of Labor, 390 F.Supp. 208 (D.D.C. 1975), rejected the standing of an Indonesian native to contest a labor certification denial, although the grounds were the hypothetical nature of his claim. 390 F.Supp. at 210. In view of the foregoing and the policy reasons against affording a Federal forum for a person anywhere in the world challenging denial of entry or immigration status, this Court finds that the five individual plaintiffs located in Hong Kong have no standing to bring this action.[2]

The organizational plaintiff also lacks standing to sue. This is not a case

1. "Aliens who are subject to the numerical limitations specified in section 1151(a) of this title shall be allotted visas or their conditional entry authorized, as the case may be, as follows: . . . (7) Conditional entries shall next be made available by the Attorney General, pursuant to such regulations as he may prescribe and in a number not to exceed 6 per centum of the number specified in section 1151(a)(ii) of this title, to aliens who satisfy an INS officer at an examination in any non-Communist or non-Communist-dominated country, (A) that (i) because of persecution or fear of persecution on account of race, religion, or political opinion they have fled (I) from any Communist or Communist-dominated country or area . . . and (ii) are unable or unwilling to return to such country or area on account of race, religion, or political opinion, and (iii) are not nationals of the countries or areas in which their application for conditional entry is made . . . ." 8 U.S.C. § 1153(a)(7)

   Although several of the plaintiffs have relatives living in the United States, the record does not reveal whether they are eligible for other immigration preference categories or for immediate relative status. *See* 8 U.S.C. §§ 1153(a)(1), (2), (4), (5); 1151(a), (b).

2. Even if these plaintiffs did have standing —and without regard to the seven year residence period specified in the 1971 Hong Kong Immigration Ordinance *infra*—they are confronted with an almost irrebuttable pre-

where individual members of an organization have suffered or might suffer injury. *See* Sierra Club v. Morton, 405 U.S. 727, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972); Association of Data Processing Service Organizations, Inc. v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). The Chinese American Civic Council, although recognized by defendant as a sponsor for refugees and conditional entrants, has not alleged concrete injury to itself or to its members. Rather, the Council attempts to represent or stand in the shoes of the real parties in interest who themselves lack standing.

The standing of one plaintiff, Shui Chong Kwan, is undisputed. Kwan left mainland China in 1954 with his grandparents and remained in Hong Kong until August, 1967. At that time he entered the United States as a second preference immigrant under 8 U.S.C. § 1153(a)(2). Subsequent to his admission to the United States, it was discovered that this preference classification had been fraudulently obtained; that is, an uncle rather than a parent was the permanent resident filing a visa petition on his behalf. Deportation proceedings were instituted and Kwan then applied for refugee preference classification under 8 U.S.C. § 1153(a)(7). This was denied in December, 1973 by the Regional Commissioner of INS, who held that under the 1971 Hong Kong Immigration Ordinance and the *Woo* case, *supra*, Kwan was "firmly resettled" by virtue of his thirteen years previous residence in Hong Kong. *See* Matter of Kwan, Interim Decision #2247 (1973). Kwan seeks review of that determination in the present action.

The 1971 Hong Kong Immigration Ordinance classifies as a Chinese resident any person who resided in Hong Kong for a continuous period of seven years prior to April 1, 1972, the effective date of the Ordinance.[3] Two categories of persons fit within the coverage of the Ordinance: those residing in Hong Kong more or less continuously since April 1, 1965; and those who resided "ordinarily" in Hong Kong (i.e., including temporary business, vacation or study abroad) for any consecutive period of seven years prior to April 1, 1972. On August 1, 1973, the Associate Commissioner of INS concluded that persons in both categories were "firmly resettled in Hong Kong within the meaning of *Rosenberg* v. *Woo* . . . and not eligible for classification as refugee(s) under [8 U.S.C. § 1153(a)(7)]." Letter from James W. Greene to District Director of INS, Hong Kong. This has been INS policy since that time.[4]

██ The first category of persons, those in Hong Kong from April 1, 1965 to April 1, 1972, may reasonably be said to have resettled in Hong Kong and to have abandoned their flight in search of refuge. However, to classify persons in the second category like Kwan as "firmly resettled" on the basis of *any* seven year residence period in Hong Kong prior to April 1, 1972 is arbitrary and unreasonable. *See* Bitang v. Regional Manpower Administrator of U. S. Dept. of Labor, 351 F.Supp. 1342, 1344 (N.D. Ill.1972). Such a rigid, automatic construction encompasses persons who obviously have not "resettled" in Hong

sumption that at the present time, twenty to twenty-five years after having left mainland China, they have "firmly resettled" in Hong Kong and are no longer "in search of refuge." *See* Rosenberg v. Woo, 402 U.S. 49, 56–57 & n.6, 91 S.Ct. 1312, 28 L.Ed.2d 592 (1971). In the *Woo* case the Supreme Court held that the term "firmly resettled" was a relevant factor in determining whether a person was still a refugee after flight

and thus eligible for conditional entry under 8 U.S.C. § 1153(a)(7).

3. Section 2(1) of the Ordinance defines "Chinese resident" as "an immigrant who: (a) is wholly or partly of Chinese race; and (b) has at any time been ordinarly resident in Hong Kong for a continuous period of not less than seven years."

4. About 783 pending cases were "grandfathered in" under the Ordinance.

Kong. It would include persons brought to Hong Kong at a very young age who lived there for seven or eight years before departing for another location, persons like Kwan who were not in Hong Kong when the Ordinance became effective, and persons who resided in Hong Kong for a period and were then separated for an extended time by reason of business or other activities. While all these individuals may literally be "Chinese residents" within the meaning of the Ordinance, such a talismanic approach should not govern INS administration of the refugee preference statute. Rather, for those not residents of Hong Kong for the seven year period *immediately* preceding April 1, 1972, multiple factors such as intent, family ties, business or property connections, etc., should be considered in determining an alien's resettlement or continuing search for refuge. *See Woo, supra*, 402 U.S. at 56–57, 91 S.Ct. 1312, Chi-Wai Lui v. Pilliod, 358 F.Supp. 542 (N.D.Ill. 1973); Matter of Sun, 12 I & N Dec. 36 (1966).

Since the denial of plaintiff Kwan's application was based upon an erroneous premise, the Court will not substitute its own analysis for that of INS in this action. SEC v. Chenery Corp., 318 U.S. 80, 93–95, 63 S.Ct. 454, 87 L.Ed. 626 (1943). The matter is remanded to INS for a determination under the correct legal standard. Since the administrative record of plaintiff Kwan has apparently been lost, a new record may have to be created.

## ORDER

Accordingly, upon consideration of defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment, and plaintiffs' Cross Motion for Summary Judgment, the memoranda of points and authorities in support thereof and in opposition thereto, the entire administrative record in this matter, oral argument of counsel having been heard, and for the reasons set forth in the accompanying Memorandum, it is by the Court this 7th day of July, 1975

Ordered that defendant's Motion to Dismiss this action as to all plaintiffs except Shui Chong Kwan be, and the same hereby is, granted; and it is further

Ordered that plaintiff Shui Chong Kwan's cause is remanded to the Immigration and Naturalization Service for further proceedings consistent with this Memorandum and Order.