WEST CENTRAL MISSOURI RURAL DEVELOPMENT CORP. et al.,
Plaintiffs,

v.

Howard PHILLIPS, Defendant.

RURAL HOUSING ALLIANCE,
Plaintiff,

v.

Alvin J. ARNETT et al.,
Defendants.

UNITED MIGRANTS FOR OPPORTUN-ITY, INC. et al., Plaintiffs,

v.

Alvin J. ARNETT et al., Defendants.

WEST CENTRAL MISSOURI RURAL DEVELOPMENT CORP et al.,
Plaintiffs,

v.

George P. SHULTZ et al., Defendants.

LA RAZA UNIDA DE OHIO et al.,
Plaintiffs,

v.

Alvin J. ARNETT et al., Defendants.

COLORADO MIGRANT COUNCIL, INC. et al., Plaintiffs,

v.

Alvin J. ARNETT et al., Defendants.

SOUTHERN ALAMEDA COUNTY ECO-NOMIC OPPORTUNITY AGENCY,
Plaintiff,

v.

Alvin J. ARNETT et al.,
Defendants.

Civ. A. Nos. 375–73, 976–73, 1141–73, 1237–73, 1294–73, 1295–73 and 1301–73.

United States District Court,
District of Columbia.

Dec. 19, 1973.

See, also, D. C., 358 F.Supp. 60.

John M. Ferren, Allen R. Snyder, Washington, D. C., for West Cent. Mo. Rural Development Corp.

David R. Cashdan, Gladys Kessler, Washington, D. C., for Rural Housing Alliance.

Harry Huge, Jeffrey A. Burt, Thomas D. Nurmi, Washington, D. C., for United Migrants for Opportunity, Inc., La Raza Unida De Ohio and Colo. Migrant Council, Inc.

David R. Cashdan, Gladys Kessler, Washington, D. C., Richard P. Duane, Berkeley, Cal., Maribeth Halloran, Sheldon Greene, San Francisco, Cal., for Southern Alameda County Economic Opportunity Agency.

John M. Kelson, Atty., Dept. of Justice, Washington, D. C., for defendants.

### MEMORANDUM AND ORDER

WILLIAM B. JONES, District Judge.

Plaintiffs in the above captioned cases have filed motions to consolidate these cases pursuant to Rule 42(a) F.R.Civ.P. for the purpose of determining a consolidated motion for the award of attorneys' fees and other litigation expenses incurred by the plaintiffs in those cases. While the defendants in the above captioned cases are not the same individuals in all instances, they are in every case officers or employees of the United States. Thus the relief sought in the nature of attorneys' fees and other litigation expenses if it were granted would be an award against the United States. Such being the case, the consolidated motion for award of attorneys' fees and other litigation expenses presents a common question of law and the motion to consolidate these cases for the purpose stated will be granted.

Plaintiffs seek the award of attorneys' fees and expenses incurred by plaintiffs' attorneys (hereinafter "attorneys' fees") through the exercise of this Court's equity jurisdiction. Plaintiffs seek this relief notwithstanding the provisions of 28 U.S.C., section 2412. That section of the Code as amended in 1966 provides as follows:

"§ 2412. Costs

Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title but not including the fees and expenses of attorneys may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or official of the United States acting in his official capacity, in any court having jurisdiction of such action. A judgment for costs when taxed against the Government shall, in an amount established by statute or court rule or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by him in the litigation. Payment of a judgment for costs shall be as provided in section 2414 and section 2517 of this title for the payment of judgments against the United States. As amended July 18, 1966, Pub.L. 89–507, § 1, 80 Stat. 308."

Plaintiffs recognize that that provision expressly excludes "the fees and expenses of attorneys" from an award which may otherwise be made to the prevailing party in any civil action against the United States or any agency or officer of the United States acting in his official capacity. But it is their contention that that exclusion does not limit this Court's equity jurisdiction in a proper case to award attorneys' fees against the United States.

Among other cases cited by plaintiffs which they contend support their position is La Raza Unida v. Volpe, et al., 57 F.R.D. 94 (N.D.Cal.1972). Judge Peckham in that case, after reviewing other cases, found that the equity jurisdiction of a court allowed the payment of attorneys' fees to the prevailing party in one or more of three situations: (1) the obdurate behavior situation; (2) the "common fund" situations; and (3) the "private attorney general" situation. Plaintiffs contend that all three situations prevailed in this case and that therefore this Court's equity jurisdiction permits this Court in its discretion to

award the attorneys' fees. They argue that the consolidated cases not only resulted in enjoining defendant Phillips in Civil Action 375-73 from dismantling the Office of Economic Opportunity (OEO), but also precluded the unexpended appropriations from reverting to the Treasury at the end of the fiscal year on June 30, 1973.

It is to be noted that in the *La Raza Unida* case Judge Peckham awarded the attorneys' fees, not against Secretary of Transportation Volpe, an officer of the United States, but rather against the California Highway Department and the California Department of Public Works, as well as the Chief Highway Engineer of the State of California in his representative capacity.

The only cases cited by the plaintiffs in support of the proposition that this Court is empowered to award attorneys' fees against the defendants in the consolidated cases, and therefore against the United States, are cases in which the United States courts have found specific statutory authority for making such awards.

 Specific statutory authority for awarding attorneys' fees is necessary in view of the sovereign immunity doctrine. The United States as a sovereign may only be sued if it consents to such suit. Congress alone has the authority to give such consent and in any instance where Congress has consented to a suit against the United States, its agencies, officers, or employees, such consent is to be strictly construed and exceptions thereto are not to be implied. Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

Plaintiffs have nowhere cited any statute expressly authorizing the award of attorneys' fees which would be applicable to the cases here consolidated. They do argue that section 604 of the Economic Opportunity Act of 1964, as amended, 42 U.S.C. sec. 2944, the Reorganization Act, 5 U.S.C. §§ 901-913

(1970), and the Administrative Procedure Act, 5 U.S.C. §§ 701-706 (1970), implicitly authorized awarding attorneys' fees since they contend those statutes exhibit no Congressional intent to preclude such an award. But the most that can be said for the Administrative Procedure Act is that where that act is applicable in this circumstance, it serves as a waiver of sovereign immunity. Scanwell Laboratories, Inc. v. Shaffer, 137 U.S.App.D.C. 371, 385, 424 F.2d 859, 873 (1970); Local 2677, Amer. Fed. of Gov. Emp. v. Phillips, 358 F.Supp. 60, 69 (D.C.1973). But that act nowhere in granting consent to sue the United States or an agency or officer thereof expressly authorizes the award of attorneys' fees against the United States or its officers or agencies. Strict construction is to be applied and exceptions are not to be implied. It is impossible to understand where the plaintiffs find in the Reorganization Act any waiver of sovereign immunity from suit.

So far as section 604 of the Economic Opportunity Act of 1964, as amended, 42 U.S.C., sec. 2944, is concerned, that statute simply provides that in certain cases a recipient agency or organization of OEO funds may have an administrative hearing before such a grant is suspended or refused. No consent to be sued, let alone award of attorneys' fees, is to be found in that section of the Code. But plaintiffs argue that the regulations promulgated to effectuate that section of the Code authorized attorneys to represent the recipients at administrative hearings conducted by OEO. 45 C.F.R., sec. 1067.1-9, sec. 1067.2-5. Those regulations do authorize attorneys to represent OEO recipients at agency administrative hearings, but they do not authorize awarding attorneys' fees against the United States or OEO or any other agency or officer of the United States. The only provision made for the payment of attorneys' fees for representation at such administrative hearings is that in proper cases OEO will authorize the board of directors of the recipient to pay limited attorneys' fees and expenses

out of recipient's "current operating grant."

■ There being no specific authorization for the award of attorneys' fees in situations such as exist here, 28 U.S.C., sec. 2412, is controlling and thus such equity jurisdiction as this Court might have for awarding such fees in proper cases is effectively precluded in these instances. The consolidated motion for award of attorneys' fees to plaintiffs will be denied.

■ Plaintiffs advance a second argument for award of attorneys' fees and that is such fees should be awarded against Howard J. Phillips personally and not in his representative capacity. It is to be noted in two of the cases consolidated here Phillips is not a party defendant. Those cases are La Raza Unida de Ohio, et al. v. Arnett, et al., Civil Action 1294–73, and Colorado Migrant Council, Inc., et al. v. Arnett, et al., Civil Action 1295–73. In those cases, attorneys' fees could not be awarded against Phillips personally even if it were otherwise proper. But in none of the cases here can attorneys' fees be awarded against Phillips personally. As made known in Local 2677, Amer. Fed. of Gov. Emp. v. Phillips, 358 F.Supp. 60 (D.C. 1973), and Williams v. Phillips, 360 F. Supp. 1363 (D.C.1973), the President of the United States named Phillips as Acting Director of the Office of Economic Opportunity on January 31, 1973. On April 11, 1973, this Court in Local 2677, Amer. Fed. of Gov. Emp. v. Phillips, 358 F.Supp. 60 (D.C.1973), enjoined Phillips from terminating, dissolving or abolishing the Office of Economic Opportunity and the terminating of funding or functioning of Community Action Agencies. That opinion and order was entered in a case, which consolidated among others one of the cases here, that is, West Central Missouri Development Corp. v. Phillips, Civil Action 375–73. On June 11, 1973, this Court in Williams v. Phillips, 360 F.Supp. 1363 (D.C.1973), found that Phillips was not appointed lawfully to

his post as Acting Director of OEO and an injunction was entered restraining Phillips from taking any action as Acting Director of OEO. Thus, while it has been held that Phillips was illegally appointed to his office, he nevertheless for a period of months served in a *de facto* capacity as an officer of the United States. It is the opinion of this Court that having so served, no judgment should be entered against Phillips in his personal capacity for attorneys' fees in these consolidated cases, and plaintiffs' consolidated motion for attorneys' fees in that respect will be denied.

During the pendency of the consolidated motion for attorneys' fees, counsel for plaintiffs acknowledged that in certain of these consolidated actions, to-wit, Rural Housing Alliance v. Arnett, et al., Civil Action 976–73, United Migrants for Opportunity, Inc., et al. v. Arnett, et al., Civil Action 1141–73, West Central Rural Development Corp. v. Shultz, et al. (West Central II), Civil Action 1237–73, La Raza Unida De Ohio, et al. v. Arnett, et al., Civil Action 1294–73, and Colorado Migrant Council, Inc., et al. v. Arnett, et al., Civil Action 1295–73, the plaintiffs obtained the relief they sought in their complaints with the exception of the award of attorneys' fees. At the time of that acknowledgment on August 23, 1973, the case of West Central Missouri Rural Development Council, et al. v. Phillips (West Central I), Civil Action 375–73, was on appeal by defendant Phillips. On September 17, 1973, the United States Court of Appeals for the District of Columbia Circuit dismissed that appeal on appellant's unopposed motion. Thus as of this time, West Central I is in the same condition as the other cases above mentioned so far as all relief sought having been obtained. With the disposition of this consolidated motion for attorneys' fees, those cases will be dismissed. One of the consolidated cases, Southern Alameda County Economic Opportunity Agency v. Arnett, et al., Civil Action 1301–73 is still pending on claims outstanding by

plaintiff against defendants. Even though in that case the plaintiffs' motion for award of attorneys' fees is being denied, the case will not be dismissed.