Jan M. HAMILTON, Plaintiff-Appellee,

v.

NORTHEAST KANSAS HEALTH SYSTEMS AGENCY, INC., Defendant

and

United States of America, Defendant-Appellant.

No. 80–2161.

United States Court of Appeals, Tenth Circuit.

March 3, 1983.

Jan M. Hamilton of Hamilton, Peterson, Tipton & Muxlow, Topeka, Kan., for plaintiff-appellee.

Jim J. Marquez, U.S. Atty., and Mary K. Briscoe, Asst. U.S. Atty., D. Kansas, Topeka, Kan., for U.S., defendant-appellant.

Before SETH, Chief Judge, and McWILLIAMS and McKAY, Circuit Judges.

McWILLIAMS, Circuit Judge.

This case arises from a district court order awarding Jan Hamilton a $5,000 attorney's fee for prosecuting a claim against the Department of Health, Education, and Welfare (HEW) on behalf of Northeast Kansas Health Systems Agency, Inc. (NKHSA). The order directs that the attorney's fee be paid from certain federal grant funds. We find that the attorney's fee may not be paid out of the federal grant funds and therefore reverse the judgment of the district court.

## I. Background

NKHSA, now defunct, was a Kansas not-for-profit corporation. Until 1979, NKHSA was designated by HEW a "health systems agency" under 42 U.S.C. § 300k *et seq.* Because it qualified as a health systems agency, NKHSA received federal grant funds. Indeed, throughout its life NKHSA was funded exclusively by HEW. In 1979, however, HEW terminated NKHSA's health systems agency designation. This decision meant that NKHSA would no longer be eligible for federal grant funds.

Desiring to continue its operations, NKHSA filed suit against HEW in federal district court, seeking an order enjoining HEW from discontinuing its health systems agency designation. In this proceeding, NKHSA was represented by Jan Hamilton,

an attorney residing in Topeka, Kansas. NKHSA's claim against HEW was ultimately dismissed.

On the day that NKHSA's claim was dismissed, Hamilton filed an action in a Kansas state court against NKHSA. Hamilton sought $5,000 from NKHSA for services rendered in prosecuting NKHSA's claim against HEW.[1] That same day, the executive director of NKHSA appeared before the state court. He confessed judgment in the sum of $5,000, but reserved the question whether the judgment could be paid out of the federal grant funds then held by NKHSA. Simultaneously, Hamilton obtained an order of garnishment attaching the funds in NKHSA's account in a local bank.

At this point Hamilton first advised the United States of the state court proceeding. Upon learning of the state court proceeding, the United States immediately intervened as a defendant and removed the action to federal district court.[2] The federal district court "reaffirmed" the money judgment of the state court and ordered that Hamilton be paid from the garnished funds. The United States appeals from this judgment.

## II. Discussion

 Under federal law, litigants who unsuccessfully prosecute claims against the United States may not recover their attorneys' fees from the United States.[3] Further, any attempt by such litigants to recover their attorneys' fees from funds in which the United States has a reversionary interest but which are in the possession of a grantee is deemed directed at the United States itself. See National Ass'n of Farmworker Orgs. v. Marshall, 628 F.2d 23 (D.C. Cir.1979); National Ass'n of Regional Medical Programs, Inc. v. Mathews, 551 F.2d 340 (D.C.Cir.1976), cert. denied sub nom., National Ass'n of Regional Medical Programs, Inc. v. Califano, 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); National Council of Community Mental Health Centers, Inc. v. Mathews, 546 F.2d 1003 (D.C.Cir.1976), cert. denied sub nom., Wagshal v. Califano, 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977). The parties agree that the garnished funds in the instant case originally came from the United States, and it is also agreed that grant funds awarded to health systems agencies, such as NKHSA, ordinarily revert to the United States if not expended within a given period. Thus, unless the United States no longer has a reversionary interest in the garnished funds, the district court could not order that Hamilton's fee be paid out of the garnished funds.

The district court found that the reversionary interest of the United States in grant funds expires once the funds are lawfully obligated and that the HEW regulations applicable to health systems agencies

---

1. The federal district court had retained jurisdiction to determine whether an award of attorney's fees was proper. Nonetheless, Hamilton sought relief from a state court.

2. Hamilton's removed claim was originally consolidated with the case brought by NKHSA against HEW, a portion of which was still pending before the federal district court. See supra note 1. Later, however, the two were severed. The district court refused to award attorney's fees in the case commenced by NKHSA against HEW, and this decision was not appealed.

3. Prior to 1981, the general rule, codified in 28 U.S.C. § 2412 (1978) (repealed 1981), was that attorneys' fees simply could not be assessed against the United States. This rule was partially changed in 1981, when an amendment to section 2412 permitting successful litigants to recoup their attorneys' fees from the United States in limited circumstances went into effect. See 28 U.S.C. § 2412 (West Supp.1982). At present, then, only unsuccessful litigants are conclusively barred from recovering their attorneys' fees.

It is unclear whether the new section 2412 applies here. New section 2412 went into effect on October 1, 1981—after the district court had ruled for Hamilton. On the other hand, it applies to all cases pending as of its effective date. Since this case was pending before this Court on that date, new section 2412 arguably controls. See United States for Heydt v. Citizens State Bank, 668 F.2d 444 (8th Cir.1982). However, since NKHSA did not prevail in its claim against HEW, the result in this appeal would be the same regardless of which version of section 2412 applies. We therefore decline to decide whether new section 2412 applies here.

authorized NKHSA to contract for Hamilton's services. Accordingly, the district court held for Hamilton. We do not agree that NKHSA had authority to obligate federal funds to compensate Hamilton and therefore reverse the district court's judgment.

Two HEW regulations are relevant to the question whether NKHSA could use federal grant funds to compensate Hamilton. The first proscribes the use of federal grant funds for "the prosecution of claims against the [United States]."[4] The second provides: "If necessary for the performance of its functions, ..., a health systems agency may employ consultants and may contract with individuals and entities for the provision of services."[5]

The district court interpreted the word "claims" in the first regulation to mean actions for money damages. Because NKHSA did not seek money damages from HEW, then, the district court held that the first regulation did not apply to this case. Next, the district court noted that without federal funding NKHSA would be unable to carry out its functions. For this reason, the district court concluded that the second regulation empowered NKHSA to use federal grant funds to challenge HEW's decision.

On appeal, the United States argues, as it did before the district court, that the first regulation encompasses any type of legal action against the United States. Further, the United States contends that the second regulation only authorizes expenditures for legal services incidental to the day-to-day activities of a health services agency—not for challenges to HEW actions.

In our view, the government's interpretation of the regulations is reasonable. In thus concluding, we note that health systems agencies, such as NKHSA, are, in effect, creatures of federal law. In such circumstance, we should give deference to the government's interpretation of its own regulation. *Dawson v. Andrus,* 612 F.2d 1280, 1283 (10th Cir.1980). Our conclusion is buttressed by the fact that the government's position has been upheld in other decisions, which, we believe, cannot be distinguished. *See National Ass'n of Regional Medical Programs, Inc. v. Mathews,* 551 F.2d 340 (D.C.Cir.1976), *cert. denied sub nom., National Ass'n of Regional Medical Programs, Inc. v. Califano,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977); *National Council of Community Mental Health Centers, Inc. v. Mathews,* 546 F.2d 1003 (D.C.Cir.1976), *cert. denied sub nom., Wagshal v. Califano,* 431 U.S. 954, 97 S.Ct. 2674, 53 L.Ed.2d 270 (1977).[6]

### III. Disposition

In accordance with the discussion above, we reverse the judgment of the district court. The case is remanded with directions to vacate the garnishment and dismiss the claim.

**4.** 42 C.F.R. Part 74, Subpart Q, Appendix F, § G(31)(d) (1978).

In its brief, the United States stated that 45 C.F.R. Part 74, Subpart Q, Appendix C, Part II, § B(16) governs this case. That provision applies only to local and state governments, however. Because NKHSA is a private not-for-profit corporation, it would appear that 42 C.F.R. Part 74, Subpart Q, Appendix F, § G(31)(d) (1978) is the applicable provision. In any event, both sections contain a virtually identical proscription, and the result in this case does not depend on which provision applies.

**5.** 42 C.F.R. § 122.111(a) (1978).

**6.** We should note that Hamilton also argued that 28 U.S.C. § 2412 does not apply to actions in which review of an administrative action is sought. This position, however, is incorrect. *See, e.g., West Cent. Mo. Rural Dev. Corp. v. Phillips,* 368 F.Supp. 567, 569 (D.D.C.1973).