**OAKLAND COUNTY BOARD OF COMMISSIONERS, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

**No. 87–3656.**

United States Court of Appeals, Sixth Circuit.

Argued June 16, 1988.

Decided Aug. 2, 1988.

Charles G. Preston (argued), Preston & Preston, Great Falls, Va., for petitioner.

Gary Bernstecker (argued), U.S. Dept. of Labor, Office of the Solicitor, Washington, D.C., for respondent.

Before MILBURN, GUY and NORRIS, Circuit Judges.

MILBURN, Circuit Judge.

Petitioner Oakland County, Michigan, Board of Commissioners ("Oakland County" or "grantee") seeks review of the Secretary of Labor's ("Labor" or "Secretary") order disallowing the use of federal grant funds to pay attorneys' fees incurred by Oakland County while contesting the Secretary's determination that certain funds paid to Oakland County under the Comprehensive Employment and Training Act ("CETA"), as amended, 29 U.S.C. § 801 et seq., were subject to recoupment.[1] For the reasons that follow, the determination of the Secretary is affirmed.

I.

The Secretary awarded eight CETA grants to Oakland County covering a period of October 1, 1981, through September 20, 1983. Following an audit conducted pursuant to the phase down of the CETA program, a CETA Grant Officer made a determination on July 3, 1984, that $22,-139.00 was expended from the audited grants for legal expenses relating to administrative adjudication arising from other CETA grants. The Grant Officer concluded that these were not allowable costs, and Oakland County was instructed to repay the amount in question. The Grant Officer's final determination specified that Oakland County had the right to request a hearing before Labor's Office of Administrative Law Judges and that failure to so request would establish a claim by the government for the disallowed costs.

On July 9, 1984, Oakland County requested a hearing before an Administrative Law Judge ("ALJ"). At the hearing, the Secretary stated that $12,025.00 of the $22,139.00 in attorneys' fees had subse-

---

1. CETA has been repealed by the Job Training Partnership Act, 29 U.S.C. § 1501 et seq., but cases pending on October 13, 1982, or begun between October 13, 1982, and September 30, 1984, are to be adjudicated under CETA. 29 U.S.C. § 1591(e).

quently been allowed, leaving the remaining $10,114.00 as disallowed costs incurred in the prosecution of a claim against the government. The remaining disallowed costs were incurred in resolving an audit of CETA grants and involved legal representation before both a Grant Officer and the Office of Administrative Law Judges.

On April 17, 1987, the ALJ issued a decision, finding that $2,649.00 in costs were allowable as incurred in the administration of CETA grants and that $7,365.00 in costs were properly disallowed as attorneys' fees incurred in the prosecution of a claim against the government. The ALJ allowed the cost of attorneys' fees for legal representation prior to the final determination by the Grant Officer. At that point, the ALJ concluded that any further proceedings initiated by Oakland County constituted prosecuting a claim against the government.

On May 6, 1987, Oakland County filed exceptions to the ALJ's decision with the Secretary. By regulation, the decision of the ALJ becomes final agency action, subject to judicial review, unless the Secretary notifies the parties within twenty days that the case has been accepted for review. *See* 20 C.F.R. § 676.91(f) (1987). Since the Secretary did not so notify the parties, the decision of the ALJ became final agency action. Subsequently, Oakland County filed a timely petition for review on July 13, 1987.

The sole issue presented by this appeal is whether attorneys' fees incurred by a CETA grantee during the time between a Grant Officer's issuance of his final determination and the Secretary's final action (the time during which the case is within the Office of Administrative Law Judges), are allowable costs incurred in the administration of the grant or are unallowable costs incurred in the prosecution of a claim against the government. The Secretary contends that such costs are unallowable as they were not required in the administration of the grant, but rather in the prosecu-

tion of a claim against the government in violation of 41 C.F.R. § 1–15.711–16 (1984). Oakland County contends that there was no claim to be prosecuted against the government until there was final agency action by the Secretary of Labor and that the fees were therefore incurred in the normal administrative resolution of CETA audits.

II.

Pursuant to the administrative procedures incorporated by CETA, any complaint regarding the use of grant funds initially goes before a Grant Officer. 20 C.F.R. § 676.86(c). The Grant Officer is guided by accounting principles promulgated pursuant to the Act, which provide that "to be allowable, a cost must be necessary and reasonable for proper and efficient administration of the program...." 20 C.F.R. § 688.43(a). The regulations further provide that "the cost principles to be used in determining allowable CETA costs are referenced in 41 C.F.R. 29–70.103 'Cost Principles.'" 20 C.F.R. § 676.40–1(a). The regulation codified at 41 C.F.R. § 29–70.103(a) incorporates the general cost principles for federal grant programs codified at 41 C.F.R. § 1–15.7. The applicable cost principle at the core of this dispute provides that "[t]he cost of legal expenses required in the administration of grant programs is allowable.... Legal expenses for the prosecution of claims against the Federal Government are unallowable." 41 C.F.R. § 1–15.711–16.[2]

A Grant Officer's final determination, applying the applicable accounting cost principles, is final, conclusive, and binding unless there is a timely request for a hearing by the grantee. 20 C.F.R. § 676.88(f). If a grantee requests relief within ten days of receipt of the Grant Officer's final determination, the grantee is entitled to a "hearing" before an ALJ. That hearing is guided "to the extent practical by any pertinent provisions of the Federal Rules of Civil Procedure," including the rules governing

**2.** The auditing and accounting costs incurred in managing a CETA grant are allowable costs. 41 C.F.R. §§ 1–15.711–1 and 1–15.711–4.

discovery, protective orders, prehearing provisions, and *amicus curiae* appearances. *See* 20 C.F.R. § 676.89(a). "The party requesting the hearing shall have the burden of establishing the facts and the entitlement to the relief requested." 20 C.F.R. § 676.90(b). The proceedings are *de novo*, as the ALJ is not constrained by the prior determinations of the Grant Officer.

The ALJ's decision and order is the final decision of the Secretary unless the nonprevailing party files exceptions with the Secretary within thirty days after receipt of the decision. 20 C.F.R. § 676.91(f). Thereafter, if exceptions are filed, the decision of the ALJ becomes the final decision of the Secretary unless the Secretary notifies the parties within twenty days that the case has been accepted for review. *Id.*

### III.

■ The parties concede that our standard of review is whether the agency's decision meets the Administrative Procedure Act's requirement that the decision not be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A) (1982); *Ohio v. Ruckelshaus*, 776 F.2d 1333, 1339 (6th Cir.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2889, 90 L.Ed.2d 977 (1986); *American Fed. of State, County Mun. Employees, Council 78 v. City of Cleveland*, 484 F.2d 339, 346 (6th Cir.1973). Generally, a court will find an abuse of discretion "only if there is no evidence to support the [Secretary's] decision, or if [it] is based on an improper understanding of the law." *Pappas v. Federal Communications Comm.*, 807 F.2d 1019, 1023 (D.C. Cir.1986) (quoting *Jaimez–Revolla v. Bell*, 598 F.2d 243, 246 (D.C.Cir.1979)).

In determining whether abuse of discretion has occurred, substantial deference is given to the interpretation of a statute or administrative regulation by the federal agency charged with its enforcement. *See North Haven Bd. of Educ. v. Bell*, 456 U.S. 512, 522 n. 12, 102 S.Ct. 1912, 1918 n. 12, 72 L.Ed.2d 299 (1982). As the Supreme Court made clear in *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467

U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), if "a statute is silent or ambiguous with respect to [a] specific issue, the question for [a reviewing] court is [not how it would interpret the statute, but] whether the agency's [interpretation] is based on a permissible construction of the statute." *Id.* at 843, 104 S.Ct. at 2782.

> If Congress has explicitly left a gap for the agency to fill, there is an express delegation of authority to the agency to elucidate a specific provision of the statute by regulation.... Sometimes legislative delegation to an agency on a particular question is implicit rather than explicit. In such a case, the court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.

*Id.* at 843–44, 104 S.Ct. at 2782.

■ Moreover, this court has repeatedly held that considerable weight should be accorded to an executive department's construction of a statutory scheme that it is entrusted to administer. *See Dayton Power er and Light Co. v. Federal Energy Regulatory Comm.*, 843 F.2d 947, 953 (6th Cir. 1988) ("[W]here an agency is delegated, either explicitly or implicitly, to interpret a statute, the construction it gives to that provision is controlling if it is reasonable."); *Bradley v. Austin*, 841 F.2d 1288, 1294 n. 5 (6th Cir.1988) (It is a "well settled principle of statutory construction that a reasonable interpretation of a statute by the agency to which Congress has intrusted the statute's administration is entitled to deference."); *see also National–Southwire Aluminum Co. v. Environmental Protection Agency*, 838 F.2d 835 (6th Cir.1988). The "agency's construction need not be the only reasonable one in order to gain judicial approval." *Connecticut Dept. of Income Maintenance v. Heckler*, 471 U.S. 524, 532, 105 S.Ct. 2210, 2214, 85 L.Ed.2d 577 (1985). *See also National Steel Corp. v. Gorsuch*, 700 F.2d 314, 321 (6th Cir.1983) (Agency's interpretation "must be upheld unless that view is plainly *unreasonable.*") (Emphasis in original). As this court has clearly indicated, it will adopt an agency's interpreta-

tion of the statute and/or regulations it is entrusted to administer if that interpretation is reasonable and not otherwise contrary to ascertainable congressional intent.

■ The Tenth Circuit, in reviewing a regulatory scheme almost identical to the one at issue here, has upheld the government's determination that federal grant funds cannot be used to pay legal fees incurred in litigation against the government. *Hamilton v. Northeast Kansas Health Systems Agency,* 701 F.2d 860 (10th Cir.1983). In *Hamilton,* Department of Health, Education and Welfare regulations, like those at issue here, prohibited the use of federal grant funds for the prosecution of claims against the United States, but permitted a health systems agency to contract for legal services if necessary for the performance of its functions. The court upheld the government's interpretation of the first regulation as including any type of legal action against the United States, and the second regulation as only authorizing expenditures for legal services incidental to the day-to-day activities of a health systems agency, not for challenges to HEW action. *Hamilton,* 701 F.2d at 863.

The underlying policy of the regulations in question is to encourage the most efficient use of limited federal funds. Undeniably, the most efficient use occurs when government grant funds are used solely for the intended purpose. If a grantee uses grant funds in a questionable manner, and is then allowed to use grant funds to litigate and defend that questionable use of funds, the funds go the grantee's attorneys and not to the intended beneficiaries. If the agent in whom the government gives binding decisionmaking authority determines that funds have been misused, then it is reasonable for the government to preclude the diversion of more funds through the efforts of the grantee to justify its earlier use.[3]

Finally, the best means for determining whether funds are used in the administra-

tion of a grant or in the prosecution of a claim against the government is to examine the legal proceeding or context in which the fees were incurred to determine the beneficiary of the legal work. In our view, if the fees are incurred solely for the benefit of the grantee, then the fees are incurred not in the administration of the grant, but in the prosecution of a claim against the government. In this case, there is no question but that the legal fees incurred by Oakland County subsequent to the Grant Officer's ruling were incurred entirely for the benefit of Oakland County, which was seeking to avoid paying the attorneys' fees from nonfederal funds. Clearly, the fees were not incurred as a result of the day-to-day operation of the grant.

## IV.

Therefore, as the Secretary's interpretation is reasonable and not otherwise contrary to congressional intent, the final determination of the Secretary is AFFIRMED.

RALPH B. GUY, Jr., Circuit Judge, dissenting.

I respectfully dissent from the court's opinion which affirms the Secretary's disallowance of attorney's fees incurred during the course of proceedings challenging the Grant Officer's disallowance of expenditures of CETA funds. As the majority points out, the Secretary struck down the Grant Officer's disallowance of $2,649.00 in attorney's fees because those fees were incurred during the course of legal representation which took place prior to the final determination of the Grant Officer. Conversely, the Secretary upheld the disallowance of $7,365.00 in attorney's fees incurred during the course of legal representation which took place before the ALJ because those fees were incurred subsequent to and in order to challenge the Grant Officer's final determination. According to the Secretary, the $2,649.00 in

---

**3.** We are aware of Oakland County's concern that CETA grantees will be penalized for the successful appeal of a Grant Officer's erroneous

decision. However, any such costs are negligible when compared to the benefits conferred by the receipt of a CETA grant.

fees were allowable "legal expenses required in the administration of [the] grant program[ ]," 41 C.F.R. § 1–15.711–16, while the $7,365.00 in fees were not allowable because they were "[l]egal expenses for the prosecution of claims against the Federal Government." *Id.*

In interpreting 41 C.F.R. § 1–15.711–16, the Secretary turned to the law dictionary definitions of the terms "claims" and "prosecution" and determined that the $7,365.00 in attorney's fees were indeed expenses incurred in the prosecution of a claim against the government and therefore unallowable under 41 C.F.R. § 1–15.711–16. Although the majority concludes that the Secretary's ultimate determination is reasonable and should be accorded deference, I feel that the Secretary's approach ignores the true nature of the proceedings. The government awarded CETA funds to the Oakland County Board of Commissioners. Thereafter, Labor's Grant Officer investigated the grant expenditures, disallowed certain payments, and demanded repayment of those expenditures out of non-federal funds. It is only logical to conclude that by filing, pursuant to 20 C.F.R. § 676.88(f), a request for hearing on the Grant Officer's determination, the grantee was defending against the government's claim for repayment of CETA funds. The grantee was not prosecuting a claim against the government but, rather, the grantee was defending against the government's claim for repayment.

The rationale supporting the principal of deference normally accorded to an agency's interpretation of its own regulation is not compelling[ ] in this instance for two reasons. First, the matter of attorney's fees is not one which falls within Labor's particular area of expertise, and the regulation at issue merely incorporates the general cost principle for federal grant programs codified at 41 C.F.R. § 1–15.7. Second, Labor's Office of Administrative Law Judges has not interpreted this regulation consistently. For example, another ALJ in Labor's Office of Administrative Law Judges recently found that attorney's fees like those at issue here were not costs incurred in the prosecution of a claim against the government:

> URDC [the petitioner] was not "prosecuting" a claim against the government. Although URDC was the party who requested a hearing, it was merely defending itself against charges brought by DOL [Department of Labor]. URDC was entitled to have the "findings" of the Grant Officer adjudicated in an administrative hearing. It would be a different issue if URDC had initiated proceedings for some claim of its own; it might then be properly considered as prosecuting a claim and thus not able to assess legal fees. From the documentary and testimonial facts presented, in this instance I conclude that ... it would be inequitable to deny payment of these prior legal fees because URDC was in need of expert legal assistance so that it could continue to operate the programs and carry out the purposes of the Act.

*Department of Labor v. Utah Rural Development Corp.*, 1 Decisions Off.Admin.L. Judges & Admin.Appeals 60 (No. 86–CTA–25, April 30, 1987) (footnote omitted).[1]

What I am opposed to is the "pre-Grant Officer determination/post-Grant Officer determination" bright line rule which the Secretary has adopted in the case before this court. I would suggest that when making the determination of whether the legal fees incurred in proceedings before the ALJ qualify as expenses required in the administration of the grant program, an approach should be followed which considers the totality of the circumstances surrounding the challenge to the Grant Officer's determination.

For the reasons stated above, I respectfully conclude that this case should be REVERSED and REMANDED for proceedings not inconsistent with this dissent.

---

1. This case is presently pending on appeal before the Secretary.