## IN THE MATTER OF: ALEX JAMES, Plaintiff

v.

## WEST INDIAN BURGERS, INC., d/b/a BURGER KING, Defendant

Civil No. 722/1988

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

November 29, 1988

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for plaintiff*

DAVID A. BORNN, ESQ., St. Thomas, V.I., *for defendant*

PETERSEN, *Judge*

## MEMORANDUM OPINION

This matter is before this Court on defendant's motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons herein stated, the defendant's motion is denied.

## FACTS

Plaintiff Alex James alleges that he was hired by defendant West Indian Burgers, Inc., d/b/a Burger King on March 8, 1987.

Plaintiff signed a three-page document entitled "Receipt Employee Rules and Regulations." The first page of the document stated as follows:

> Today March 9, 1987, I, Alex James have received from Caribbean Restaurants, Inc., the Employee Rules and Regulations.
>
> It is my responsibility to observe the rules herewith attached. It is understood that any violation of these rules might even include termination of my employment.
>
> It is also understood that the manual is intended for informational purpose only. Neither the manual company practices, nor other communications create an employment contract term. It does not contain all of the information I will need during the

course of my employment. I will receive information through various notices as well as orally. I understand that Management is committed to reviewing its policies and benefits continually. Accordingly the policies and benefits outlined in the Manual are subject to review and change by Management at any time. No communication or practice, limits the reasons or procedures for termination or modification of the employment relationship.

I understand that I have the right to terminate my employment at any time and the Company has the same right.

(signed) Alex C. James

Plaintiff further alleges that he was terminated from his employment on February 26, 1988 without being given any reasons for such termination. As a consequence, plaintiff filed this action pursuant to 24 V.I.C. § 76 et seq.

## DISCUSSION

Defendant has moved for a dismissal of this action contending that an employment at-will relationship was created by express agreement of the parties, thus making 24 V.I.C. § 76 et seq. inapplicable.

Under the common law, in the absence of an employment contract, employers or employees have been free to terminate the employment relationship with or without cause. As a result of significant changes in socio-economic values, this common law rule has come under intense scrutiny. Many commentators have questioned the compatibility of this traditional at-will doctrine with the realities of modern economics and employment practices. See Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505, 509 (1980), citing Blades, *"Employment at Will* vs. *Individual Freedom*: On Limiting the abusive Exercise of Employer Power," 67 Column R. Rev. 1404 (1967). Thus the enactment of labor laws in many jurisdictions represented the governmental policy of preventing employers from using the right of discharge as a means of oppression. In 1986 the Virgin Islands Legislature also recognized the need to protect employees from certain abusive practices of

employers by the enactment of the Wrongful Discharge Act, 24 V.I.C. § 76 et. seq.[1]

The Virgin Islands Legislature provided nine specific grounds that an employer may utilize to terminate an employee. Additionally, the Legislature specifically exempted from coverage those employment contracts that modify the grounds for discharge.

The defendant contends that plaintiff was employed pursuant to a contract of employment that substantially modified the grounds for discharge thus making 24 V.I.C. § 76 et seq. inapplicable. In support of this contention, the defendant directs the court's attention to the language in the document entitled "Receipt Rules and Regulations" which states that:

> I understand that I have the right to terminate my employment at any time and the company has the same right.

The Court in Woolley v. Hoffmann-LaRoche, Inc., 491 A.2d 1257 (1985) emphasized that a company's general personnel practices embodied in a policy manual do not automatically become legally binding terms and conditions of employment.

Since an employer may avoid any legally binding effect being given to personnel policies set forth in a policy manual by a unilateral statement of disclaimer, it follows that a binding effect may be created by the execution of a written employment contract in which the employee expressly agrees to an at-will employment status.

---

[1] 24 V.I.C. § 76(a) provides as follows:
(a) Unless modified by contract, an employer may dismiss any employee:
(1) who engages in a business which conflicts with his duties to his employer or render him a rival of his employer;
(2) whose insolent or offensive conduct toward a customer of the employer injures the employer's business;
(3) whose use of intoxicants or controlled substances interferes with the proper discharge of his duties;
(4) who wilfully and intentionally disobeys reasonable and lawful rules, orders, and instructions of the employer; provided, however, the employer shall not bar an employee from patronizing the employer's business after the employee's working hours are completed;
(5) who performs his work assignments in a negligent manner;
(6) whose continuous absences from his place of employment affect the interests of his employer;
(7) who is incompetent or inefficient, thereby impairing his usefulness to his employer;
(8) who is dishonest; or
(9) whose conduct is such that it leads to the refusal, reluctance or inability of other employees to work with him.

Employment contracts, like other binding agreements, should be the product of informed understanding and mutual assent as to the subject matter to be covered. This court is fortified in drawing the conclusion that the manual herein, standing alone, is not an employment contract; but instead is what it purports to be: the Rules, the violation of "which might include ... grounds for the termination of ... employment." Nowhere in the Rules and Regulations herein is there to be found any reference to the employee's specific duties, job description or the compensation to be paid him. The document contains no reference to a contract of employment of any kind. Moreover, the document entitled Rules and Regulations specifically states that the document is intended for "informational purposes" and that "Neither the manual company practices, nor other communications create an employment contract term."

In addition, the defendant's manner of communicating couched in a disclaimer to the plaintiff could not possibly create a situation in which the plaintiff employee could justly expect to rely thereon. Any employee reading this document containing the general disclaimer would realize that further negotiations and not mere acceptance of employment are necessary to create a binding contract. Moreover, the defendant reserved to itself the absolute discretion of modification of these Rules without any input whatsoever from the employee.

Thus, this court concludes that the presence of the disclaimer in the Document entitled "Receipt Rules and Regulations" serves to negate the legally binding effect of any of the terms contained therein.

The Wrongful Discharge Statute, 24 V.I.C. § 76 et seq. represents a specific legislative policy, the fulfillment of which an employer should not be allowed to circumvent so readily by labelling a unilateral statement in a manual as a contract.

■■ It is undisputed that the Legislature did not define the term "contract." However, considerable weight should be accorded to an executive department's construction of a statutory scheme that it is entrusted to administer. Oakland County Board of Com'rs. v. United States Dept. of Labor, 853 F.2d 439 (6th Cir. 1988). See Dayton Power and Light Co. v. Federal Energy Regulatory Comm. 843 F.2d 947, 953 (6th Cir. 1988). "[W]here an agency is delegated, either explicitly or implicitly, to interpret a statute, the construction it gives to that provision is controlling if it is reasonable."

71

Accordingly, this court cites with approval the reasonable statutory construction espoused by the Department of Labor in Smith v. Vitelco, WD-023-87-STT (June 30, 1987), wherein it stated:

> The exclusionary clause "unless modified by contract" is more appropriately applied strictly, so as to exclude only those employment situations wherein an arm's length transaction, such as a negotiated collective bargaining agreement, made a specific change in the statutory grounds for discharge.

■ For this Court to hold otherwise would surely negate the stated purpose of the Wrongful Discharge Act, 24 V.I.C. § 76 et seq.

Accordingly, defendant's Motion to Dismiss must be denied.