25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Douglas BILLINGS, Petitioner,
v.
Robert B. REICH, Secretary of Labor, and Tennessee Valley
Authority, Respondents.
 No. 92-3927.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 On Petition for Review of an Order from the Department of Labor; No. 89-ERA-16, 89-ERA-25, 90-ERA-2, 90-ERA-8 and 90-ERA-18.
 D.O.L.
 DENIED.
 BEFORE: NELSON and SILER, Circuit Judges; and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 This is a petition for review of the Secretary of Labor's dismissal of five complaints filed by pro se petitioner Douglas Billings under the whistleblowing provisions of the Energy Reorganization Act of 1974, 42 U.S.C. Sec. 5851. The parties have waived oral argument, and the case has been submitted on the record and briefs.
 
 
 2
 Douglas Billings was employed as a toolroom clerk at Tennessee Valley Authority (TVA) Watts Bar Nuclear Plant. From August 1988 to December 1989, he filed five separate complaints with the Department of Labor (DOL); four of the complaints were brought against his employer TVA and one was filed against the DOL. After the complaints were denied by the Wage and Hour Division of the DOL Billings appealed the five complaints to the Secretary of Labor. The five complaints were consolidated for review and assigned to an Administrative Law Judge (ALJ). From the time Billings filed his first complaint on February 3, 1989, until the complaints were dismissed almost two years later, Billings made repeated requests because of his poor health for continuances. The ALJ freely granted these requests.
 
 
 3
 On June 12, 1990, the ALJ ordered the parties to file prehearing submissions summarizing the issues, witnesses and exhibits for each claim by July 23, 1990. Billings made no effort to comply with the ALJ's orders, but again requested another continuance and asked that he be required to file prehearing submissions on only one of his five claims. When Billings failed to comply, the ALJ held a telephone conference with the parties and granted Billings an extension until September 14, 1990, to file the required pleadings. The ALJ warned Billings that if he failed to comply again, his complaints would be dismissed. Despite the warning, Billings refused to file the required pleadings. On November 1, 1990, more than three months after the prehearing submissions were originally due, the ALJ recommended dismissal of the complaints as a sanction for Billings' failure to comply with the ALJ's orders.
 
 
 4
 The cases were then automatically referred to the Secretary for issuance of final orders. The Secretary found that the ALJ had failed to give Billings sufficient predismissal notice and remanded the five complaints to the ALJ. Upon remand, the ALJ cured the defective notice by issuing a formal show cause order and both parties responded. Finding no reason in the responses to withdraw his previous sua sponte dismissals, the ALJ adopted his earlier recommendations which again were automatically referred to the Secretary for final orders. This time the Secretary adopted the ALJ's recommendations to dismiss the five complaints.
 
 
 5
 On review, petitioner argues that the agency failed to properly investigate his complaints and erroneously dismissed his complaints without a hearing.
 
 
 6
 We review the agency's decisions under the Administrative Procedure Act's requirement that decisions not be arbitrary, capricious, or an abuse of discretion. 5 U.S.C. Sec. 706(2)(A); Ohio v. Ruckelshaus, 776 F.2d 1333, 1339 (6th Cir.1985), cert. denied, 476 U.S. 1169 (1986). Upon reviewing the agency's decisions, an abuse of discretion will be found if there is no evidence to support the agency's decisions or it is based on a misunderstanding of the law. Oakland County Bd. of Comm'rs v. United States Dep't of Labor, 853 F.2d 439, 442 (6th Cir.1988).
 
 
 7
 Nothing in the record supports petitioner's argument that the Wage and Hour Division did not properly investigate his complaints and did not provide him with a statement of its findings and conclusions. The record indicates that the Wage and Hour Division investigated all of petitioner's complaints over which it had jurisdiction and which had been timely filed. In each case, the Wage and Hour Division complied with agency regulation 29 C.F.R. Sec. 24.4(b). Contrary to petitioner's assertions, the record evidences that the Wage and Hour Division notified Billings of the results of its investigation with respect to each of his complaints. The notice stated the agency's findings and conclusions as required under Sec. 24.4(d)(1). Accordingly, we cannot find that the agency abused its discretion in investigating petitioner's complaints.
 
 
 8
 Moreover, we find that the agency did not abuse its discretion in dismissing petitioner's complaints. The Secretary's orders of dismissal are in accordance with DOL regulation Sec. 24.5(e)(4)(i), which provides in relevant part:
 
 
 9
 The administrative law judge may, at the request of any party, or on his or her own motion, dismiss a claim ... (B) Upon the failure of the complainant to comply with a lawful order of the administrative law judge.
 
 
 10
 In the instant case, Billings failed to comply with the ALJ's orders that the parties file prehearing submissions despite the ALJ's order granting Billings a two-month extension to do so. Upon finding that Billings had been given proper predismissal notice and had failed to show cause for his refusal to comply with the ALJ's orders, the Secretary dismissed the claims. Under these circumstances, we find that the Secretary's orders were not an abuse of discretion.
 
 
 11
 Accordingly, we DENY the petition for review.[1]
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Subsequent to the filing of this petition, Karen Billings filed a motion to be substituted as the party representative of her deceased husband Douglas Billings. All briefs had been filed prior to the filing of Karen Billings' motion to substitute, and this matter was decided without oral argument. Because we uphold the Secretary of Labor's decisions, the motion to substitute is now moot and the court will not address this matter