25 F.3d 1050
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 TENNESSEE VALLEY AUTHORITY, Petitioner,
v.
Robert REICH, Secretary of Labor, Respondent.
 No. 92-3977.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1994.
 
 On Petition for Review of an Order from the Department of Labor; Nos. 89-ERA-16, 89-ERA-25, 90-ERA-2, 90-ERA-8, 90-ERA-18.
 D.O.L.
 DENIED.
 BEFORE: NELSON and SILER, Circuit Judges; and HACKETT, District Judge.*
 PER CURIAM.
 
 
 1
 This matter arises out of the Secretary of Labor's dismissal of four complaints filed against petitioner Tennessee Valley Authority (TVA). TVA alleges that the Secretary of Labor committed error by (1) denying TVA's motion for monetary sanctions, and (2) dismissing the complaints without deciding TVA's motions for summary judgment. The parties have waived oral argument, and the case has been submitted on the record and briefs. For the reasons stated below, we deny TVA's petition for review.
 
 I.
 
 2
 Four separate complaints of employment discrimination were filed with the Department of Labor (DOL) against TVA by its former employee Douglas Billings. The complaints were filed under the whistleblower protection provisions of the Energy Reorganization Act of 1974, 42 U.S.C. Sec. 5851. The Wage and Hour division of the DOL denied the four complaints and Billings then appealed his claims to the Secretary of Labor. The Secretary assigned the claims to an Administrative Law Judge (ALJ). Billings never appeared for his deposition noticed by TVA and never notified TVA that he would not be appearing. As a result, TVA filed a motion to be reimbursed for costs associated with Billings' failure to appear for his deposition. The ALJ recommended that TVA's motion for sanctions be denied.
 
 
 3
 The ALJ's recommended decision to deny costs was automatically referred to the Secretary of Labor for review. TVA argued to the Secretary that the ALJ had inherent authority to impose costs as well as authority to do so under Fed.R.Civ.P. 37(b). The Federal Rules of Civil Procedure apply in proceedings before an ALJ in any situation not otherwise provided for by DOL regulations under 29 C.F.R. Sec. 18.1.
 
 
 4
 The Secretary of Labor determined that even if the DOL had inherent authority to impose costs, it had not chosen to exercise that authority. Moreover, the Secretary determined that Fed.R.Civ.P. 37(b) did not apply because a specific Labor Department regulation, 29 C.F.R. 18.6(d)(2)(i-v), provided exclusive remedies and did not provide for the assessing of costs as a sanction. The Secretary therefore adopted the ALJ's order denying costs.
 
 
 5
 In addition to failing to appear at his noticed deposition, Billings also failed to comply with the ALJ's orders that he file prehearing submissions. As a result, the Secretary dismissed Billings' four complaints against TVA as a sanction for his failure to comply with the ALJ's orders. Having dismissed the complaints as a sanction, the Secretary did not address TVA's two motions for summary judgment. TVA now seeks review of the Secretary's decisions to deny monetary sanctions and to dismiss the cases without first deciding TVA's motions for summary judgment.
 
 II.
 
 6
 We review the Secretary's decisions under the Administrative Procedure Act's requirement that the decisions not be arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law. 5 U.S.C. Sec. 706(2)(A); Ohio v. Ruckelshaus, 776 F.2d 1333, 1339 (6th Cir.1985), cert. denied, 476 U.S. 1169 (1986).
 
 
 7
 In determining whether the DOL abused its discretion in denying costs, we give substantial deference to the agency's interpretation of its own administrative regulation. Oakland County Bd. of Comm'rs v. United States Dep't of Labor, 853 F.2d 439, 442 (6th Cir.1988). We will adopt the agency's interpretation of its own regulation unless it is plainly erroneous or inconsistent with the regulation. Navistar Int'l Transp. v. United States Environmental Protection Agency, 858 F.2d 282, 286 (6th Cir.1988), cert. denied, 490 U.S. 1039 (1989). Having carefully considered the arguments of counsel, the record, and the briefs filed by the parties, we are unable to say that the Secretary's interpretation of the regulation was clearly erroneous. The issue appears moot in any event, because we are advised that Billings is no longer living.
 
 
 8
 TVA also argues that the Secretary erred in dismissing the complaints without first deciding TVA's motions for summary judgment. The Secretary dismissed complaints against TVA in accordance with 29 C.F.R. Sec. 24.5(e)(4) as a sanction for complainant's refusal to comply with lawful orders of the ALJ. Upon the dismissal of the complaints, TVA's motions for summary judgment became moot. TVA argues that the Administrative Procedure Act (APA), 5 U.S.C. Sec. 557(c),[2] requires the Secretary of Labor to decide all pending motions before imposing the sanction of dismissal. Because TVA suffered no injury from the manner in which the case was handled, it is doubtful that TVA has standing to raise this issue. See Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26 (1976). In any event, Sec. 557(c) does not support petitioner's argument in this case where dismissal was entered as a sanction pursuant to 29 C.F.R. Sec. 24.5(e)(4). Accordingly, we determine that the Secretary's decision to impose the sanction of dismissal without reaching the merits of TVA's motions for summary judgment was in accordance with law.
 
 
 9
 For the reasons stated above, we DENY the petition for review.
 
 
 
 *
 The Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [2]
 5 U.S.C. Sec. 557(c) states:
 (c) Before a recommended, initial, or tentative decision, or a decision on agency review of the decision of subordinate employees, the parties are entitled to a reasonable opportunity to submit for the consideration of the employees participating in the decisions--
 (1) proposed findings and conclusions; or
 (2) exceptions to the decisions or recommended decisions of subordinate employees or to tentative agency decisions; and
 (3) supporting reasons for the exceptions or proposed findings or conclusions.
 The record shall show the ruling on each finding, conclusion, or exception presented. All decisions, including initial, recommended, and tentative decisions, are a part of the record and shall include a statement of--
 (A) findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record; and
 (B) the appropriate rule, order, sanction, relief, or denial thereof.