53 F.3d 332
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Habeke TEKELEWOLD, Plaintiff-Appellant,
v.
UNITED STATES of AMERICA, Defendant-Appellee.
 No. 94-6088.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 
 ORDER
 
 1
 Habeke Tekelewold appeals a district court judgment affirming a United States Department of Agriculture (USDA) determination permanently disqualifying Tekelewold from participation in the federal government's food stamp program. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 In November 1993, the USDA informed Tekelewold that he was being considered for permanent disqualification from the food stamp program because his employee exchanged food stamps for cash. After considering the evidence compiled by the department as well as a response filed by Tekelewold, an Administrative Review Officer for the USDA upheld the determination permanently disqualifying Tekelewold from participation in the food stamp program. Tekelewold filed a complaint seeking judicial review of the USDA's determination. Upon review, the district court concluded that the USDA had properly disqualified Tekelewold and granted summary judgment for the defendant. Tekelewold has filed a timely appeal.
 
 
 3
 While a dispute exists concerning the underlying events in this case, the district court accepted the plaintiff's version of the facts in rendering summary judgment for the defendant. According to the plaintiff, on June 7, 1993, an Investigative Aid (IA) working in an undercover capacity for the USDA's Office of Inspector General entered Nile Grocery, the store owned and operated by Tekelewold. The IA approached the cashier on duty at that time, Teresa Waller, and offered to sell her $230 in food stamps in exchange for $115 in cash. Waller did not purchase the stamps herself; rather, she made several calls attempting to find a buyer for the stamps. Waller eventually contacted her brother, Victor Waller, who agreed to come to the store and see about buying the food stamps. Upon arriving at the store, Victor Waller and the IA went outside the store, where Victor Waller purchased the stamps. Victor Waller subsequently used the stamps at two Nashville grocery stores, but not Nile Grocery.
 
 
 4
 Any approved retail food store may be permanently disqualified from participation in the food stamp program for trafficking in food stamps. See 7 U.S.C. Sec. 2021(d)(3)(B); see also 7 C.F.R. Secs. 278.2(a) and 278.6(e)(1)(i). The USDA has defined trafficking as "the buying or selling" of food stamps "for cash or consideration other than eligible food." 7 C.F.R. Sec. 271.2.
 
 
 5
 It is undisputed that, based on the facts before the court, Teresa Waller did not actually buy or sell the food stamps herself; rather, the parties agree that she merely brokered or facilitated the transaction. The USDA's regulation defining trafficking does not, by its terms, say that facilitating such action is a violation of the regulation. Instead, it provides only that "buying and selling" constitute a violation. Therefore, we cannot say that her actions constitute a violation of the regulation.
 
 
 6
 In some circumstances, we give substantial deference to an agency's interpretation of its own administrative regulations, Oakland County Bd. of Comm'rs v. United States Dep't of Labor, 853 F.2d 439, 442 (6th Cir. 1988). However, it is not clear to the court that the USDA has officially taken the position that brokering or facilitating a transaction, as occurred in this case, constitutes a violation of their regulations. One decision by an administrative review officer does not an official interpretation make. Consequently, we remand the case to the district court to further develop the record and to consider this issue.
 
 
 7
 We lastly note that, if the district court concludes that such deference is not appropriate, summary judgment would not be appropriate in this case. A genuine issue of material fact exists concerning where the food stamp transaction occurred and whether Teresa Waller provided her brother with money to purchase the food stamps. This factual dispute would preclude a grant of summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 8
 Accordingly, we vacate the district court's judgment and remand the case for further proceedings.