**INLAND MANPOWER ASSOCIATION, a California public entity exercising joint powers, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 88–7260.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 1989.

Memorandum June 28, 1989.

Order and Opinion Aug. 8, 1989.

Paul S. Mordy, Deputy County Counsel, San Bernardino, Cal., for petitioner.

Charles F. James, Attorney, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent.

Before FARRIS, THOMPSON and TROTT, Circuit Judges.

FARRIS, Circuit Judge:

The facts are not in dispute. We review de novo the legal question whether proceedings to recoup misspent CETA funds are barred if not brought before September 30, 1984. *See United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.1984). Whether proceedings were brought before September 30, 1984 is a mixed question of fact and law in which the legal issues predominate. We review such questions de novo. *Id.* at 1202.

Inland contends that 29 U.S.C. § 1591(e) bars the Secretary from recouping misspent CETA grant funds unless proceedings were brought prior to September 30, 1984. This construction would be at odds with both the language and purpose of the statute. The JTPA replaced CETA. 29 U.S.C. § 1591(e) is part of the provision for transition from CETA to JTPA. It provides:

> The provisions of this chapter shall not affect administrative or judicial proceeding pending on October 13, 1982, or begun between October 13, 1982 and September 30, 1984, under the Comprehensive Employment and Training Act.

Nothing in the language of the provision bars recoupment of CETA funds. Rather, it limits the applicability of JTPA. JTPA does not apply to proceedings begun before September 30, 1984. The statute does not preclude application of JTPA remedies to recoupment proceedings brought after September 30, 1984. If proceedings were begun after September 30, 1984, the proceedings are not barred; they are governed by JTPA rather than CETA. JTPA, like CETA, provides for recoupment of misspent grant funds. While the recoupment provisions of JTPA differ slightly from those in CETA, the differences would change neither the procedure nor the substance of the Secretary's decision here. *Compare* 29 U.S.C. §§ 1574(d), 1578(a)(1) (JTPA recoupment provisions) *with* 92 Stat. 1926–29 (CETA recoupment provisions).

Courts reviewing Department of Labor proceedings under CETA and JTPA have assumed that § 1591(e) changes remedies, but does not bar liability. In *Tennessee Dept. of Employment Security v. Secretary of Labor,* 801 F.2d 170 (6th Cir.1986), the Sixth Circuit considered whether a dis-

trict court correctly concluded that it lacked subject matter jurisdiction over a dispute arising out of the Secretary's decision to terminate all use of any remaining CETA funds. The petitioner contended that the jurisdictional limits of CETA were no longer applicable because the proceeding was not commenced until after September 30, 1984. The court agreed that CETA's jurisdictional limits no longer applied, but held "[i]t does not follow ... that the district court must be reversed, because the JTPA contains a limitation on judicial review of the Secretary's funding decisions quite similar to that contained in [CETA]." *Id.* at 173.

Inland's reading of § 1591 cannot have been what Congress intended. The legislative histories of both the 1978 amendments to CETA and of the JTPA reflect Congressional concern over fraud and abuse and Congressional intent that the Secretary aggressively recover misspent federal funds. *See, e.g.,* H.R.Rep. No. 1124 95th Cong., 2d Sess. 23, 5, 13 (1978); S.Rep. No. 891, 95th Cong., 2d Sess. 42–44, U.S.Code Cong. & Admin.News 1978, p. 4480 (1978); S.Rep. No. 469, 97th Cong., 2d Sess. 26, 27, U.S. Code Cong. & Admin.News 1982, p. 2636 (1982).

29 U.S.C. § 1591(e) cannot reasonably be read as a bar to recoupment proceedings begun after September 30, 1984. It merely subjects proceedings commenced after that date to the remedial and jurisdictional provisions of JTPA rather than CETA. For the purposes of this case, the provisions of JTPA and CETA are identical in effect. We need not, therefore, consider whether and to what extent proceedings were commenced prior to September 30, 1984, but even if we were required to do so, the record establishes that proceedings were commenced before September 30, 1984. The Secretary sent an audit report to Inland on September 25, 1984. The CETA auditing process which began prior to the date of the letter consisted of the performance of an audit, the sending of the audit report to the prime sponsor for comment, the issuance of an initial determination, an informal dispute resolution period, and the issuance of a final determination. 20 C.F.R. 676.86(d), 676.88(a), 676.88(d), 676.-88(e).

Inland also contends that while proceedings as to some funds may have been commenced, proceedings were not commenced as to other funds; Inland was eventually held to be accountable for a greater sum than stated in the initial audit report. This argument ignores the nature of the auditing procedure. To insure accuracy, the process allows for corrections as more information is gathered. This necessitates that the sum found to be owing can be changed during the auditing process.

AFFIRMED.