907 F.2d 151
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ST. CLAIR COUNTY CETA, MICHIGAN, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF LABOR, Defendant-Appellee.
 No. 89-3829.
 United States Court of Appeals, Sixth Circuit.
 July 9, 1990.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Petitioner St. Clair County CETA seeks review of the decision of respondent Department of Labor (the Secretary) in this CETA action. For the following reasons, we affirm.
 
 I.
 
 2
 This case arises under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. Sec. 801 et seq. (1978), repealed by the Job Training Partnership Act (JTPA), 29 U.S.C. Sec. 1501 et seq. (1988). St. Clair was a "prime sponsor" of CETA funds when the CETA program ended in 1984. St. Clair, in its role as prime sponsor, sub-granted with other local units of government to carry out the program. This case concerns an audit covering the period from October 1, 1983 to May 31, 1984. In the grant officer's final determination of January 30, 1985, he requested the immediate return of $119,421.00 in excess cash and disallowed $912,835.00 in costs.
 
 
 3
 After an administrative hearing, Administrative Law Judge (ALJ) Joan H. Rosenzweig ordered St. Clair to repay $267,320.00 to the Secretary. There were four parts to this sum: (1) $119,421.00 in excess cash (which is not disputed on appeal by St. Clair); (2) $2,771.00 for legal expenses; (3) $39,564.00 for accounting and auditing expenses; and (4) $105,564.00 for unresolved sub-grantee costs. St. Clair filed exceptions to the decision with the Secretary, but the Secretary declined to accept this case for review. Consequently, the ALJ's decision became the final decision of the Secretary by operation of law. See 20 C.F.R. Sec. 676.91(f) (1989) (ALJ's decision becomes final decision of the Secretary unless the Secretary accepts the case for review within twenty days of the dissatisfied party's filing of exceptions). Only the last three items are at issue on appeal since St. Clair's does not dispute the return of the excess cash.
 
 II.
 
 4
 The Secretary argues that because the appeal was not timely filed, this court is without jurisdiction. This court must "resolve all matters regarding subject matter jurisdiction prior to ruling upon the merits of the claim." Gross v. Hougland, 712 F.2d 1034, 1036 (6th Cir.1983), cert. denied, 465 U.S. 1025 (1984). There is no dispute that the Secretary issued its final decision on July 17, 1989, and that St. Clair appealed to this court on September 13, 1989. The question is which law applies to the filing of appeals. Under CETA, which was repealed on October 13, 1982, the petitioner had sixty days to file the appeal. Under JTPA, the appeals period is only thirty days.
 
 
 5
 The JTPA included a transitional provision which authorized the continued use of CETA funds after its October 13, 1982 expiration. The savings clause of the JTPA, 29 U.S.C. Sec. 1591(e), provides that "the provisions of this chapter shall not affect administrative or judicial proceedings pending on October 13, 1982, or begun between October 13, 1982 and September 30, 1984, under [CETA]." In Tennessee Department of Employment Security v. Secretary of Labor, 801 F.2d 170, 173 (6th Cir.1986), this court ruled that where the judicial proceeding was not commenced until December 5, 1984, the savings clause did not apply. The Secretary argues that since the funds were spent under the JTPA transitional provision, the savings clause does not apply, and therefore the thirty day appeals period of the JTPA is in effect.
 
 
 6
 We conclude that the appeal was timely filed. The sixty-day appeals period of CETA applies if there was an administrative or judicial CETA proceeding pending on September 30, 1984. In Inland Manpower Association v. U.S. Department of Labor, 882 F.2d 343, 344 (9th Cir.1989), the Ninth Circuit held that the CETA auditing process, including an audit report, constituted an administrative proceeding. In the instant case, the administrative proceeding began on June 14, 1984, when the "Fast Reaction Advisory Letter" was sent from the auditors to the Secretary. As such, the sixty-day appeals period of CETA applies.
 
 III.
 
 7
 "In reviewing the Secretary's decision, the scope of our review should be made clear. CETA specifically provides that we must uphold the Secretary's factual conclusions if they are supported by substantial evidence on the record as a whole." Commonwealth of Kentucky v. Donovan, 704 F.2d 288, 292 (6th Cir.1983). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citation omitted). When reviewing the Department of Labor's construction of CETA and its corresponding regulations, this court must give "substantial deference" to the "interpretation of a statute or administrative regulation by the federal agency charged with its enforcement." Oakland County Board of Commissioners v. United States Department of Labor, 853 F.2d 439, 442 (6th Cir.1988).
 
 A.
 
 8
 St. Clair argues that the Secretary improperly disallowed the $2,771.00 in grant funds that St. Clair used to reimburse its attorneys for their travel expenses. These travel expenses stem from an earlier audit of St. Clair. In the earlier case, the issue before ALJ Bernard J. Gilday was whether $30,000.00 in legal fees were allowable expenses. County of St. Clair v. U.S. Department of Labor, No. 85-CTA-33 (November 4, 1986), aff'd, No. 87-241 (6th Cir. January 19, 1988). ALJ Gilday did not reach this issue, instead relying upon a stipulation entered into by the parties in settlement of the case: "EACH PARTY AGREES TO BEAR ITS OWN FEES AND OTHER EXPENSES INCURRED BY SUCH PARTY IN CONNECTION WITH ANY STAGE OF THE PROCEEDING." Slip.Op. at 5. On the basis of this stipulation, ALJ Gilday determined that St. Clair bore responsibility for its legal fees.
 
 
 9
 In the instant case, which concerns the attorneys' travel expenses, ALJ Rosenzweig did reach the legal issue. In Oakland County, 853 F.2d at 443, this court ruled that under Department of Labor regulations, fees incurred in the administration of the grant are allowable and fees incurred in the prosecution of a claim against the government are unallowable. See 41 C.F.R. Sec. 1-15.711-16 (1984). The Oakland County court ruled that the attorneys' fees incurred while the grantee was appealing the Grant Officer's ruling to the Office of ALJ's were generated for the benefit of the grantee and not "as a result of the day-to-day operation of the grant." 853 F.2d at 443. Similarly, in the instant case, ALJ Rosenzweig found that "the travel fees ... were incurred entirely for the benefit of St. Clair County for the prosecution of a claim against the Federal Government." Slip.Op. at 8.
 
 
 10
 St. Clair makes several arguments. First, it contends that its appeal within the CETA administrative hearing process is not the "prosecution of a claim." However, this argument is directly contrary to the decision of this court in Oakland County. Second, St. Clair maintains that section 123(f)(2) of the Act allows local units to select legal counsel without obtaining prior approval from the Secretary. This argument is unpersuasive because the ability to obtain counsel without prior approval is unrelated to the appropriate source of payment of such counsel. Thus, we hold that the ALJ's finding is a correct interpretation of the regulations and caselaw.
 
 
 11
 The Secretary also maintains that an alternative basis for disallowance is the stipulation entered in the earlier case. In the earlier decision, ALJ Gilday found that St. Clair was responsible for its own legal fees pursuant to the stipulation. The Secretary contends that the stipulation covers the travel expenses for the attorneys in the same proceeding. We agree with the Secretary that the decision in the earlier case is binding on the issue of legal expenses in this case. As such, the stipulation provides an additional basis for disallowance.
 
 B.
 
 12
 The Secretary disallowed $39,564.00 in grant funds that St. Clair used to pay for accounting and auditing services because St. Clair awarded its contracts without bidding or prior approval of the Secretary. Under 41 C.F.R. Sec. 29-70.216-6(b) and Sec. 29-70.216-9(d) (1984), non-competitive procurements greater than $10,000 require prior approval of the Secretary. ALJ Rosenzweig found that "the cited regulations are clear and their provisions are mandatory ..." Slip.Op. at 17. Therefore, she held that St. Clair could not prevail as to this issue.
 
 
 13
 St. Clair reiterates several arguments that were rejected by the ALJ. It contends that the decision to procure the accountants was practical and sound since these auditors did other work for the County. St. Clair also contends that the Secretary had knowledge of the accountants' working relationship with the county since 1981 but took no action until the instant audit. Both of these arguments are as unpersuasive on appeal as they were below. The regulations clearly require either competitive bidding or prior approval. Since St. Clair failed to adhere to the regulations, the "practicality" of its contract is not relevant. In any event, ALJ Rosenzweig found that the record did not support the contention that the contract was based upon a sound judgment. Id. at 18. In addition, the ALJ noted that the alleged prior knowledge of the Secretary did not excuse St. Clair from its duty to follow the regulations. Thus, we conclude that the ALJ's findings were based upon substantial evidence.
 
 C.
 
 14
 The Secretary disallowed $105,564.00 of the money that St. Clair dispensed to sub-recipients during the grant period. ALJ Rosenzweig noted that "when [St. Clair] accepted the CETA funds, it also acquired certain clearly delineated responsibilities regarding how that money was to be managed, disbursed and accounted for.... I find and conclude that the Grant Officer correctly disallowed the costs at issue." Slip.Op. at 21. The Commonwealth of Kentucky Department of Human Resources court clearly stated that:
 
 
 15
 the "prime sponsor" is not a mere funnel for money to pass from the federal government to the grantees and ultimate employers. The structure of the program, as well as the obligation imposed upon the prime sponsor, are such that the prime sponsor is, in large part, given the major responsibility to ensure that the program runs effectively and according to law. The prime sponsor is clearly given the duty of supervision and the powers to carry out the task to completion.
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 The CETA program is a two-way street. The prime sponsor receives funds to distribute in its geographic area, but must also accept the supervisory role envisioned by the Act. It cannot passively sit by while the subgrantees and contractors violate the Act and regulations. It must police and enforce those regulations and ensure that the program within its geographic area runs smoothly and according to law.
 
 
 19
 704 F.2d at 293-94. Thus, we conclude that substantial evidence supports the Secretary's conclusion that St. Clair is responsible for the disallowed costs of its subgrantee.
 
 D.
 
 20
 St. Clair contends that consideration of the equities counsel against its having to repay the questioned costs. Specifically, St. Clair emphasizes a letter from then-President Carter in 1977 which asked all elected officials to reduce procedural delays and get as many unemployed disadvantaged Americans on public service employment as possible. St. Clair maintains that the extreme pressure placed upon it to hire as many disadvantaged Americans as possible explains the disallowed costs. As such, it maintains that it should only be prevented from receiving further funding, rather than being required to pay back the disallowed costs because such a payback would work a hardship upon the county. We find this argument unpersuasive. Pressure from whatever source does not relieve St. Clair from its responsibility to monitor the CETA program funds. In Bennett v. New Jersey, 470 U.S. 632, 646 (1985), the Supreme Court considered misspent funds from educational spending that the Secretary of Education was attempting to recover:
 
 
 21
 The role of a court in reviewing a determination by the Secretary that funds have been misused is to judge whether the findings are supported by substantial evidence and reflect application of the proper legal standards. Bell v. New Jersey, 461 U.S., at 792, 103 S.Ct. at 2197. Where the Secretary has properly concluded that funds were misused under the legal standards in effect when the grants were made, a reviewing court has no independent authority to excuse repayment based on its view of what would be the most equitable outcome.
 
 
 22
 St. Clair also contends that repayment is a drastic remedy appropriate only in cases of gross fraud, abuse or misallocation of funds. St. Clair cites 20 C.F.R. Sec. 679.91(c) in support of its argument. The ALJ found that there is no such regulation. In fact, the closest regulation is 20 C.F.R. Sec. 676.88(c), which states that "[i]n any case where the Grant Officer determines that there is sufficient evidence that funds have been misspent, the Grant Officer shall disallow the costs ..." The regulation then provides an exception for "ineligible participants and public service employment programs." Id. In such cases, the costs may be allowed if: (1) the activity was not fraudulent and the violation did not take place with the knowledge of the recipient or subrecipient; (2) immediate action was taken to remove the ineligible participant; (3) eligibility determination procedures were properly followed and monitored; (4) immediate action was taken to remedy the problem; and (5) the magnitude of questioned costs or activities is not substantial. The ALJ found that neither the disallowed travel expenses nor the accounting expenses were associated with ineligible participants and public service employment programs. Slip.Op. at 9-10. She also noted that St. Clair did not produce evidence of the existence of the five conditions required for waiver. Thus, we conclude that the ALJ's opinion is supported by substantial evidence.
 
 IV.
 
 23
 The Secretary asks this court to issue sanctions under Fed.R.App.P. 38, which permits a court of appeals to award just damages and single or double costs when the court determines that an appeal is "frivolous." See Schoffner v. Commissioner of Internal Revenue, 812 F.2d 292, 294 (6th Cir.1987). An appeal is frivolous if it is without a factual or legal basis. WSM, Inc. v. Tennessee Sales Co., 709 F.2d 1084, 1088 (6th Cir.1983). The Secretary contends that the instant appeal is frivolous because it ignores the key Sixth Circuit cases such as Oakland County and Kentucky Department of Human Resources. In addition, the Secretary maintains that St. Clair's brief on appeal is almost word-for-word identical to the brief before the ALJ, and that St. Clair did not specifically address the ALJ's decision in its brief. Upon review of these arguments, we conclude that sanctions would not be appropriate in this case.
 
 V.
 
 24
 For the foregoing reasons, we AFFIRM the judgment of the Secretary.